196 So.2d 124 (1967)
In re FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 35433.
Supreme Court of Florida.
March 1, 1967.
PER CURIAM.
Appended to this Order is a complete compilation of the Florida Rules of Criminal Procedure adopted pursuant to the power vested in this Court by Article V of the Florida Constitution, F.S.A. This compilation of the Florida Rules of Criminal Procedure shall govern all proceedings within the scope of these rules after midnight December 31, 1967. This compilation shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.
These rules shall be known and cited as Criminal Procedure Rules and may be abbreviated as "CrPR"
Also appended to this Order regarding the Florida Rules of Criminal Procedure are notes and comments of the Florida Court Rules Committee Sub-Committee on Rules of Criminal Procedure. These committee notes and comments are not a part of the formal Order and do not have force of law or approval of this Court. They are merely included for whatever benefit they may have to the bench and bar.
Adopted and approved by the Court enbanc on March 1, 1967.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, DREW, O'CONNELL, CALDWELL and ERVIN, JJ., concur.

 TABLE OF CONTENTS
 FLORIDA RULES OF CRIMINAL PROCEDURE
I SCOPE, PURPOSE AND CONSTRUCTION
 Rule 1.010  Scope
 1.020  Purpose and Construction
II GENERAL PROVISIONS
 1.030  Service of Pleadings and Papers
 1.040  Computation of Time
 1.050  Enlargement of Time
 1.060  Time for Service of Motions and Notice of Hearing
 1.070  Additional Time after Service by Mail
 1.080  Pleadings to be Signed by Attorney
 1.090  Pleadings to be Signed by Unrepresented Defendant
 1.100  Attorney not to be Surety
 1.110  Televising, Photographing, Radio Broadcasting of Trial
III PRELIMINARY PROCEEDINGS
 1.120  Committing Magistrate
 1.121  Arrest Warrants
 1.122  Preliminary Hearing
 1.130  Bail
 1.140  Indictments, Informations and Affidavits
 1.150  Process Upon Indictment, Information and Affidavit
IV ARRAIGNMENT AND PLEAS
 1.160  Arraignment
 1.170  Pleas
 1.180  Presence of Defendant
V PRE-TRIAL MOTIONS AND DEFENSES
 1.190  Pre-Trial Motions
 1.200  Notice of Alibi
 1.210  Insanity
VI DISCOVERY
 1.220  Discovery
VII DISQUALIFICATION OF JUDGE
 1.230  Disqualification of Judge

*125
VIII CHANGE OF VENUE
 1.240  Change of Venue
IX THE TRIAL
 1.250  Accused as Witness
 1.260  Waiver of Jury Trial
 1.270  Number of Jurors
 1.280  Alternate Jurors
 1.290  Jury Panel; Examinations; Oath and Excusing of Member
 1.300  Challenge to Panel
 1.310  Time for Challenge
 1.320  Manner of Challenge
 1.330  Determination of Challenge for Cause
 1.340  Effect of Sustaining Challenge
 1.350  Number of Peremptory Challenges
 1.360  Oath of Trial Jurors
X CONDUCT OF TRIAL; THE JURY; INSTRUCTIONS
 1.370  Trial of Jointly Charged Defendants
 1.380  Regulation and Separation of Jurors
 1.390  Selection of Foreman of Jury
 1.400  Deliberation of Jury; What Jurors May Have With Them
 1.410  Return of Jury for Supplemental Instructions
 1.420  Recall of Jury for Additional Instructions
 1.430  Jury Not Recallable to Hear Additional Evidence
XI THE VERDICT
 1.440  Rendition of Verdict; Reception and Recording
 1.450  Polling the Jury
 1.460  Acquittal for Cause of Insanity
 1.470  Proceedings on Sealed Verdict
 1.480  Admonition to Jurors as to Sealed Verdict
 1.490  Determination of Degree of Offense
 1.500  Verdict of Guilty Where More Than One Count
 1.510  Conviction of Attempt; Lesser Included Offense
 1.520  Verdict in Case of Joint Defendants
 1.530  Reconsideration of Ambiguous or Defective Verdict
 1.540  When Verdict May Be Rendered
 1.550  Disposition of Defendant
 1.560  Discharge of Jurors
 1.570  Irregularity in Rendition, Reception and Recording of the
 Verdict
XII POST-TRIAL MOTIONS
 1.580  Court May Grant New Trial
 1.590  Time for and Method of Making Motions; Procedure; Custody
 Pending Hearing
 1.600  Grounds for New Trial
 1.610  Motion for Arrest of Judgment; Grounds
 1.620  When Evidence Sustains Only Conviction of Lesser Offense
 1.630  Sentence Before or After Motion Filed
 1.640  Effect of Granting New Trial
XIII JUDGMENT
 1.650  Judgment Defined
 1.660  Motion for Judgment of Acquittal
 1.670  Rendition of Judgment
 1.680  Judgment on Informal Verdict
 1.690  Judgment of Not Guilty; Defendant Discharged and Sureties
 Exonerated
XIV SENTENCE
 1.700  Sentence Defined; Pronouncement and Entry
 1.710  How Defendant Brought Before Court When Not in Custody

*126
 1.720  Defendant's Right to Show Cause Why Sentence Should Not Be
 Pronounced
 1.730  Causes for Not Pronouncing Sentence
 1.740  Procedure When Insanity Is Alleged as Cause for Not
 Pronouncing Sentence
 1.750  Procedure When Pardon Is Alleged as Cause for Not
 Pronouncing Sentence
 1.760  Procedure When Non-Identity Is Alleged as Cause for
 Not Pronouncing Sentence
 1.770  Procedure When Pregnancy Is Alleged as Cause for Not
 Pronouncing Sentence
 1.780  Inquiry into Mitigating or Aggravating Circumstances Prior
 to Sentence
 1.790  Probation Hearing; Presentence Investigation; Suspension of
 Sentence; Order of Probation
 1.800  Correction and Reduction of Sentences
XV EXECUTION OF SENTENCE
 1.810  Commitment of Defendant; Duty of Sheriff
 1.820  Habeas Corpus; Custody Pending Appeal
XVI CRIMINAL CONTEMPT
 1.830  Direct Criminal Contempt
 1.840  Indirect Criminal Contempt
XVII POST-CONVICTION RELIEF
 1.850  Motion to Vacate, Set Aside or Correct Sentence; Hearing;
 Appeal
 1.860  Criminal Practice by Senior Law Students

I SCOPE, PURPOSE AND CONSTRUCTION

RULE 1.010 SCOPE
These rules shall govern the procedure in all criminal proceedings in state courts.
Committee Note: These rules are not intended to apply to municipal courts, but are intended to apply to all state courts where "crimes" are charged.

RULE 1.020 PURPOSE AND CONSTRUCTION
Purpose.  These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration.
Committee Note: Substantially the same as Federal Rule 2.

II GENERAL PROVISIONS

RULE 1.030 SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required.  Every pleading subsequent to the initial indictment, information or affidavit upon which defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one as to which a hearing exparte is authorized, and every written notice, demand and similar paper shall be served on each party; however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.
(b) Same; How Made.  Where under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by *127 mailing it to him at his last known address, or, if no address is known, by leaving it with the clerk of the court who shall place it in the court file. Delivery of a copy within this rule shall mean: handing it to the attorney or to the party; or, leaving it at his office with his secretary or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents thereof. Service by mail shall be deemed complete upon mailing.
(c) Filing.  All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(d) Filing With the Court Defined.  The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and transmit them to the office of the clerk.
(e) Certificate of Service.  When any attorney shall in substance certify:
"I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ____, 19__
 ________________
 Attorney"
the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
Committee Note: Taken from rules of civil procedure.

RULE 1.040 COMPUTATION OF TIME
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
Committee Note: Taken from rules of civil procedure.

RULE 1.050 ENLARGEMENT OF TIME
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by statute or elsewhere in these rules, extend the time for making a motion for new trial, for taking an appeal, or for making a motion for a judgment of acquittal.
Committee Note: Taken from rules of civil procedure.

RULE 1.060 TIME FOR SERVICE OF MOTIONS AND NOTICE OF HEARING
A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof, shall be served on the adverse party a reasonable time before the time specified for the hearing.
Committee Note: Taken from rules of civil procedure.

*128 RULE 1.070 ADDITIONAL TIME AFTER SERVICE BY MAIL
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.
Committee Note: This is the same as Rule 1.6(e), Florida Rules of Civil Procedure, except for the omission of subparagraph (c) of the civil rules which appears to be inapplicable to criminal cases.

RULE 1.080 PLEADINGS TO BE SIGNED BY ATTORNEY
Every written pleading or paper of a party represented by an attorney shall be signed in his individual name by such attorney, whose address shall be stated, and he may be required by an order of court to vouch for his authority to represent such party. Except when otherwise specifically provided by these rules, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or paper; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading or paper had not been served.
Committee Note: Taken from rules of civil procedure.

RULE 1.090 PLEADINGS TO BE SIGNED BY UNREPRESENTED DEFENDANT
A defendant who has no attorney but represents himself shall sign his written pleading and state his address.
Committee Note: Taken from rules of civil procedure.

RULE 1.100 ATTORNEY NOT TO BE SURETY
No attorney or other officer of court shall enter himself or be taken as bail or surety in any proceeding in court on pain of being considered in contempt.
Committee Note: This rule is the same as Rule 1.5(c), Rules of Civil Procedure.

RULE 1.110 TELEVISING, PHOTOGRAPHING, RADIO BROADCASTING OF TRIAL
The taking of television pictures or other photographs in or of the courtroom during the progress of judicial proceedings or radio broadcasting of judicial proceedings from the courtroom shall not be permitted by the court.
Committee Note: This is the same as Federal Rule 53, except for the addition of "television" and the insertion "or of" the courtroom. This proposal was adopted unanimously by the committee.

III PRELIMINARY PROCEEDINGS

RULE 1.120 COMMITTING MAGISTRATE
Each state judicial officer is a committing magistrate and may issue a warrant for the arrest of a person against whom a complaint, in writing and under oath, is made, when the complaint states facts which show a violation of a criminal law. The magistrate may commit an offender to jail or recognize him to appear before the proper court at its next ensuing term to answer the charge in the complaint, or may discharge him from custody.
*129 Committee Note: This is substantially the same as part of 901.01 (the remaining part should be retained as a statute). It differs from the statute by requiring the complaint to be in writing and by identifying the initiating instrument as a "complaint," thus adopting the federal terminology which is more meaningful and modern. Some doubt was expressed as to whether the terms of the statute incorporated in the rule are within the rule making power of the Supreme Court.

RULE 1.121 ISSUANCE OF ARREST WARRANTS
(a) A warrant may be issued for the arrest of a person designated in a written complaint, under oath, when the complaint states facts which show that such person violated a criminal law of this state, within the jurisdiction of the magistrate before whom the complaint is made. The magistrate may take testimony under oath to determine if there is reasonable ground to believe the complaint is true.
(b) The warrant of arrest shall:
(1) Be in writing and in the name of the State of Florida;
(2) Set forth substantially the nature of the offense;
(3) Command that the person against whom the complaint was made be arrested and brought before the magistrate issuing the warrant or, if he is absent or unable to act, before the nearest or most accessible magistrate in the same County;
(4) Specify the name of the person to be arrested or, if his name is unknown to the magistrate, designate such person by any name or description by which he can be identified with reasonable certainty;
(5) State the date when issued and the County and justice district where issued;
(6) Be signed by the magistrate with the title of his office; and,
(7) In all offenses bailable as of right be endorsed with the amount of bail and the return date on the back of the warrant.
(c) No arrest warrant shall be dismissed nor shall any person in custody be discharged because of any defect as to form in the warrant; but, the warrant may be amended by the magistrate to remedy such defect.
Committee Note: (a) This is substantially the same as 901.02, except that the rule requires a written complaint. Also, the rule does not incorporate that seldom used part of the statute which permits the magistrate to issue an arrest warrant upon affidavits made before the prosecuting attorney.
(b) This is the same as 901.03.
(c) This is the same as 901.05, except for modernizing the language.

RULE 1.122 PRELIMINARY HEARING
(a) Duty of Magistrate.  When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a complaint of having committed an offense, the magistrate shall immediately inform him:
(1) of the charge against him;
(2) of the purpose of a preliminary hearing;
(3) of his right to the aid of counsel during the preliminary hearing;
(4) of his right to have or to waive such hearing;
(5) of his right not to testify, and also caution him that in the event he does testify, anything that he says may be used against him in a subsequent hearing or proceeding.
(b) Waiver of Preliminary Hearing.
(1) The defendant may waive a preliminary hearing and if he does so such waiver shall be in writing. If he waives *130 preliminary hearing, the magistrate shall hold him to answer and shall either admit him to bail or commit him to custody.
(2) Notwithstanding a waiver of the hearing by the defendant, the magistrate, on the demand of the prosecuting attorney, shall examine the witnesses for the state and have their testimony reduced to writing or recorded verbatim stenographically or by mechanical means. After hearing the testimony if it appears that there is no probable cause to believe the defendant guilty of any offense, the magistrate shall order that he be discharged.
(c) Sending for Counsel.  The magistrate shall allow the defendant a reasonable time to send for counsel and shall, if necessary, postpone the hearing for such purpose. He shall also, upon request of the defendant, require an officer to communicate a message to such counsel in the county as the defendant may name. The officer shall with diligence and without cost to the defendant perform that duty.
(d) Magistrate to Proceed With Hearing Unless Waived. 
(1) If the defendant waives the aid of counsel, the magistrate shall immediately proceed to examine the case unless the defendant waives hearing.
(2) If the defendant requests the aid of counsel the magistrate shall, immediately after the appearance of counsel, or, after waiting a reasonable time therefor, if none appears, proceed to examine the case unless the defendant waives hearing.
(e) Postponement of Hearing.  The magistrate may for good cause postpone the hearing. If no postponement is ordered, the hearing shall be completed at one session. No postponement shall be for more than two days, nor shall the postponements in all exceed six days, except for exceptional circumstances.
(f) Bail After Postponement.  If a postponement is ordered, unless the defendant is already admitted to bail, the magistrate, if the defendant is bailable as of right, shall admit him to bail for his appearance at the time to which the hearing is postponed. If bail is not furnished, the magistrate shall commit him to custody for further hearing of the case.
(g) Summoning of Witnesses.  The magistrate shall issue such process as may be necessary to secure attendance of witnesses within the state, for the state or the defendant.
(h) Presence of Defendant and Cross-examination of Witnesses.  All witnesses shall be examined in the presence of the defendant and may be cross-examined.
(i) Examination of Witnesses for Defendant.  At the conclusion of the testimony for the prosecution the defendant shall, if he so elects, be sworn and testify in his own behalf, and in such cases be warned in advance that anything he may say can be used against him at a subsequent trial. He may be cross-examined as other witnesses; and, whether he testifies or not any witness produced by him shall be sworn and examined.
(j) Exclusion and Separation of Witnesses.  Prior to the examination of any witness in the cause, the magistrate may and on the request of the defendant shall exclude all other witnesses. He also may cause the witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(k) Testimony of Witnesses.  At the request of the prosecuting attorney the testimony of the witnesses and of the defendant, if he testifies, shall be recorded verbatim stenographically or by mechanical means, and transcribed. If the testimony, or any part thereof, is transcribed at the request of the prosecuting attorney, a copy of such testimony shall be furnished free of cost to defendant or his counsel.
(l) If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed *131 and that the defendant has committed it, the magistrate shall forthwith hold the defendant to answer to the court having trial jurisdiction, otherwise, the magistrate shall discharge him.
(m) Transmission of Papers by Magistrate. 
(1) When the magistrate has discharged the defendant, or has held him to answer, he shall transmit within 7 days thereafter to the clerk of the court having trial jurisdiction of the offense:
(a) The complaint and warrant;
(b) The written testimony of the witnesses if transcribed and filed;
(c) The recognizance or undertaking for the appearance of witnesses;
(d) A copy of the order discharging or holding the defendant;
(e) Every article, writing, money, or other exhibit received in evidence; provided, however, that such articles, writings, moneys, or other exhibits so used in evidence before said magistrate may be returned to the owner thereof upon written order of the judge of the court having jurisdiction to try the defendant.
Any magistrate who refuses or fails to transmit the papers and articles so mentioned, may be ordered to do so by the court having trial jurisdiction of the offense charged and if he disobeys such orders may be held for contempt.
Committee Note: (a) Substantially the same as 902.01; the word "examination" is changed to "hearing" to conform to modern terminology.
(b through j) Substantially the same as 902.02 through 902.10 and 902.13 and 902.14, except for exchange of "hearing" for "examination."
(k) Parts of Section 902.11, and all of 902.12 were omitted because of conflict with case law: Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.
(l) Taken from Federal Rule 5(c). Previously Florida had no statute or rule defining what the magistrate should do at the conclusion of the preliminary hearing.
(m) Substantially the same as 902.18 except "without delay" changed to "within 7 days." Some specific time limit was felt necessary because of frequent delay by magistrates while defendants remain in jail.

RULE 1.130 BAIL
(a) Offenses Less Than Capital.  All persons in custody for the commission of an offense, not capital, shall before conviction be entitled as of right to be admitted to bail, and after conviction bail may be granted at the discretion of either the trial or appellate court.
(b) Notice of Application for Admission to Bail; Subsequent Application. 
(1) The court to which an application for admission to bail is made shall in all cases require written notice thereof to be given to the prosecuting attorney of the court having trial jurisdiction of the offense at least one hour before the hearing, unless notice is waived in writing by such prosecuting attorney.
(2) When a committing magistrate, not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or is alleged to be excessive, application by motion may be made to the court having jurisdiction to try defendant, or in the absence of the judge of said trial court, to the circuit court.
(3) In the event any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail. If application is made to the supreme court, or district court of appeal, notice shall be given to the attorney general.
*132 (c) Application for Bail Denied.  If application for bail is made to an authorized court and denied, no court of inferior jurisdiction shall admit applicant to bail, unless such court of inferior jurisdiction is the court having jurisdiction to try the defendant.
(d) Bail Before Conviction; Condition of the Undertaking. 
(1) If a person is admitted to bail for his appearance for a preliminary hearing, or on a charge that a magistrate is empowered to try, the condition of the undertaking shall be that he will appear for such hearing, or to answer the charge, and will submit himself to the orders and process of the magistrate trying the same, and will not depart without leave.
(2) If he is admitted to bail after he has been held to answer by a magistrate, or after an indictment, information or affidavit on which he is to be tried has been filed against him, the condition of the undertaking shall be that he will appear to answer the charges before the court in which he may be prosecuted and submit to the orders and process of the court, and will not depart without leave.
(e) Bail on Appeal; Condition of the Undertaking.  If the defendant is admitted to bail after conviction and upon appeal, the condition of the undertaking shall be:
(1) That he will duly prosecute his appeal;
(2) That he will surrender himself in execution of the judgment or sentence upon its being affirmed or modified or upon the appeal being dismissed; or in case the judgment is reversed and the cause remanded for a new trial, that he will appear in the court to which said cause may be remanded and submit himself to the orders and process thereof, and will not depart without leave.
(f) Increase or Reduction of Bail.  The court in which a prosecution is pending may for good cause, after notice, either increase or reduce the amount of bail or require new or additional bail.
(g) Revocation of Bail.  The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit him to the custody of the proper official to abide the judgment, sentence and any further order of the court.
(h) Arrest and Commitment by Court.  The court in which the cause is pending may direct the arrest and commitment of the defendant who is at large on bail in the following cases:
(1) When there has been a breach of the undertaking;
(2) When it appears that his sureties or any of them are dead or cannot be found or are insufficient or have ceased to be residents of the state;
(3) When the court is satisfied that the bail should be increased or new or additional security required;
(4) When an indictment has been found against the defendant for an offense for which he is not bailable.
The order for the commitment of the defendant shall recite generally the facts upon which it is based, and shall direct that the defendant be arrested by any official authorized to make arrests, and that the defendant be committed to the official in whose custody he would be had he not been given bail, to be detained by such official until legally discharged. The defendant shall be arrested pursuant to such order upon a certified copy thereof, in any county, in the same manner as upon a warrant of arrest. If the order provided for is made because of the failure of the defendant to appear for judgment or because an indictment has been found against him, for an offense for which he is not bailable, the defendant shall be committed. If the order is made for any other cause and the defendant is bailable the court may fix the *133 amount of bail and direct in the order that the defendant be admitted to bail in the sum fixed, which sum shall be specified in the order.
(i) Bail After Recommitment.  If the defendant applies to be admitted to bail after recommitment and he is bailable, he shall be admitted to bail by the court which recommitted him.
(j) Qualifications of Surety After Order of Recommitment.  If the defendant offers bail after recommitment, each surety shall possess the qualifications and sufficiency, and the bail shall be furnished in all respects in the manner, prescribed for admission to bail before recommitment.
Committee Note:
(a) Same as 903.01.
(b) Same as 903.04.
(c) Same as 903.02.
(d) Same as 903.12.
(e) Substantially same as 903.13.
(f) Same as 903.19.
(g) Same as 918.01.
(h) Substantially same as 903.23.
(i) Same as 903.24.
(j) Same as 903.25.
Although Section (g) is the same as 918.01, its constitutionality was questioned by the subcommittee.

RULE 1.140 INDICTMENTS, INFORMATIONS AND AFFIDAVITS
(a) Methods of Prosecution. 
(1) Capital Crimes.  An offense which may be punished by death shall be prosecuted by indictment.
(2) Other Crimes.  The prosecution of all other criminal offenses shall be as follows:
In criminal courts of record and in the Court of Record of Escambia County, prosecution shall be solely by information: in County Judge's Courts having elective prosecuting attorneys, by indictment, information or affidavit; in all courts not hereinabove mentioned which have elective prosecuting attorneys, by indictment or information; and in courts not having elective prosecuting attorneys, by indictment or affidavit. A grand jury may indict for any offense. When a grand jury returns an indictment for an offense not triable in the circuit court, the circuit judge shall commit or bail the accused for trial in a court having jurisdiction to try the offense, and such judge, or at his direction, the clerk of the circuit court shall certify the indictment and deliver it to the clerk of the court to which the accused is committed or bailed for trial or to the judge of such court if it has no clerk.
(b) Nature of Indictment, Information or Affidavit.  The indictment, information or affidavit upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.
(c) Caption, Commencement and Date. 
(1) Caption.  No formal caption is essential to the validity of an indictment, information or affidavit upon which the defendant is to be tried. Upon objection made as to its absence a caption shall be prefixed in substantially the following manner:
In the (name of court)
State of Florida versus (name of defendant)
Any defect, error or omission in a caption may be amended as of course, at any stage of the proceeding, whether before or after a plea to the merits, by court order.
(2) Commencement.  All indictments, information or affidavits upon which the defendant is to be tried shall expressly state that the prosecution is brought in the name and by the authority of the State of Florida. Indictments shall state that the defendant is charged by the grand jury of *134 the county. Informations shall state that the appropriate prosecuting attorney makes the charge.
(3) Date.  Every indictment, information or affidavit on which the defendant is to be tried shall bear the date (day, month, year) that it is filed in each court in which it is so filed.
(d) The Charge. 
(1) Allegation of Facts; Citation of Law Violated.  Each count of an indictment, information or affidavit upon which the defendant is to be tried shall allege the essential facts constituting the offense charged. In addition, each count shall recite the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to his prejudice.
(2) Name of Accused.  The name of the accused person shall be stated, if known, and if not known, he may be described by any name or description by which he can be identified with reasonable certainty. If the grand jury, prosecuting attorney or affiant making the charge does not know either the name of the accused or any name or description by which he can be identified with reasonable certainty, the indictment, information or affidavit, as the case may be, shall so allege and the accused may be charged by a fictitious name.
(3) Time and Place.  Each count of an indictment, information or affidavit upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the count.
(4) Joinder of Offenses.  Two or more offenses which are triable in the same court may be charged in the same indictment, information or affidavit in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment, information or affidavit is filed has jurisdiction to try all of the offenses charged.
(5) Joinder of Defendants.  Two or more defendants may be charged in the same indictment, information or affidavit upon which the defendant is to be tried if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.
(6) Allegation of Intent to Defraud.  When an intent to defraud is required as an element of the offense to be charged, it shall be sufficient to allege an intent to defraud, without naming therein the particular person or body corporate intended to be defrauded.
(e) Incorporation by Reference.  Allegations made in one count shall not be incorporated by reference in another count.
(f) Indorsement and Signature  Indictment.  An indictment shall be signed by the foreman or the acting foreman of the grand jury returning the indictment. The state attorney, or acting state attorney shall make and sign a statement on the indictment to the effect that such prosecuting officer, as authorized and required by law, has advised the grand jury returning the indictment. No objection to the indictment on the ground that such statement has not been made shall be entertained after the defendant pleads to the merits.
(g) Signature and Oath  Information.  An information shall be signed by the legally authorized prosecuting attorney under oath stating his good faith in instituting the prosecution. No objection to an *135 information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.
(h) Conclusion.  An indictment, information or affidavit on which the defendant is to be tried need contain no formal conclusion.
(i) Surplusage.  An unnecessary allegation may be disregarded as surplusage and, upon motion of the defendant, may be stricken from the pleading by the court.
(j) Amendment of Information.  An information or affidavit upon which the defendant is to be tried which charges an offense may be amended on the motion of the prosecuting attorney or defendant at any time prior to trial because of formal defects.
(k) Form of Certain Allegations.  Allegations concerning the following items may be alleged as indicated below:
(1) Description of Written Instruments.  Instruments consisting wholly or in part of writing or figures, pictures or designs may be described by any term by which they are usually known or may be identified, without setting forth a copy or facsimile thereof.
(2) Words; Pictures.  Necessary averments relative to spoken or written words or pictures may be made by the general purport of such words or pictures without setting forth a copy or facsimile thereof.
(3) Judgments; Determinations; Proceedings.  A judgment, determination or proceeding of any court or official, civil or military, may be alleged generally in such a manner as to identify such judgment, determination or proceeding, without alleging facts conferring jurisdiction on such court or official.
(4) Exceptions; Excuses; Provisos.  Statutory exceptions, excuses or provisos relative to offenses created or defined by statute need not be negatived by allegation.
(5) Alternative or Disjunctive Allegations.  For an offense which may be committed by the doing of one or more of several acts, or by one or more of several means, or with one or more of several intents or results, it is permissible to allege in the disjunctive or alternative such two or more acts, means, intents or results.
(6) Offenses Divided into Degrees.  For an offense divided into degrees it is sufficient to charge the commission of the offense without specifying the degree.
(7) Felonies.  It shall not be necessary to allege that the offense charged is a felony or was done feloniously.
(l) Custody and Inspection.  Unless otherwise ordered by the court having jurisdiction, all indictments, informations and affidavits and the records thereof shall be in the custody of the clerk of the court to which they are presented, and shall not be inspected by any person other than the judge, clerk, attorney general and prosecuting attorney until the defendant is in custody or has been admitted to bail, or until one year has elapsed between the return of an indictment, or the filing of an information, or the making of the affidavit, after which time the same shall be open for inspection by the public.
(m) Defendant's Right to Copy of Indictment, Information or Affidavit.  Each person who has been indicted or informed against for an offense, or charged by affidavit, shall, upon application to the clerk, be furnished a copy of the indictment, information, or affidavit and the indorsements thereon, at least twenty-four hours before he is required to plead thereto, and he shall not be required to plead to such indictment, information or affidavit if a copy has not been so furnished to him. A failure to furnish such copy shall not affect the validity of any subsequent proceeding against the defendant if he pleads to the indictment, information, or affidavit.
(n) Statement of Particulars.  The court, upon motion, shall order the prosecuting *136 attorney to furnish a statement of particulars, when the indictment, information or affidavit upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant. If there is no prosecuting attorney for the county judge's court or the court of a justice of the peace to which application for a statement of particulars is made by a defendant charged by an affidavit lacking in such particulars the affiant shall be required to furnish the statement of particulars.
(o) Defects and Variances.  No indictment or information, or any count thereof, or any affidavit shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment, information or affidavit or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment, information, or affidavit is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Committee Note: Introductory Statement  The contention may be made that the authority of the Supreme Court of Florida to govern practice and procedure in all courts by court rule does not include the power to vary in any way from present statutory law governing the work product of the grand jury, viz., the indictment. Such a contention must, of necessity, be based in part, at least, upon the assumption that the grand jury is not an integral part of the judicial system of Florida but is a distinct entity which serves that system. The Supreme Court of Florida, in State v. Clemmons, 150 So.2d 231, seems to have taken a position contrary to such an assumption.
Regardless of whether such a contention is valid, it seems beyond controversy that the essentials of the indictment, as in the case of an information, are so intimately associated with practice and procedure in the courts that the individual or group having the responsibility of determining its make-up and use is thus empowered to govern a substantial segment of such practice and procedure. The conclusion seems to be inescapable, therefore, that since the Constitution grants to the Supreme Court the authority over this phase of the judicial scheme, the following material is appropriate for consideration as a part of the proposed Rules:
(a) (1) Capital Crimes.  This recommendation is consistent with present Florida law. (See sec. 10 DR, Fla. Const.; sec. 904.01 FS '63.) The terminology "which may be punished by death" is deemed preferable to the terminology "capital crime" of the Constitution and "capital offenses" of the statute because of its definitive nature. The recommended terminology is utilized in Federal Criminal Procedure Rule 7(a) and in the American Law Institute's Code of Criminal Procedure, sec. 115. The terminology used in the 1963 Code of Criminal Procedure of Illinois is "when death is a possible punishment." (See sec. 110-4.)
Sec. 10, DR, Florida Constitution provides "No person shall be tried for a capital crime unless on presentment or indictment by a grand jury * * *." No provision is made in the recommendation for prosecution by presentment. This omission is consistent with the apparent legislative construction placed on this section. Sec. 904.01 FS provides, "All capital offenses shall be tried on indictment by a grand jury * *." Since presentments traditionally have not been used as trial accusatorial writs in *137 Florida, there seems little reason, at this date, to question that the constitution authorizes the implementing authority, be it the legislature or the Supreme Court, to use one of the specified methods of prosecution to the exclusion of the other.
(a) (2) Other Crimes.  In Criminal Courts of Record and the Court of Record of Escambia County the Constitution of Florida requires that prosecutions be by information. (Sec's. 9 (5) & 10, Art. V) In County Judges' Courts having elective prosecuting attorneys present statutory law permits prosecutions by indictment (sec. 904.02) and affidavit (Ch. 937). The additional method of prosecution by information is provided as a step toward attaining uniformity with other courts in the prosecution of non-capital offenses, at least to the extent that a prosecutor desires to use an information. This addition involved a consideration of whether a non-elected prosecutor serving in a county judge's court  which often is the case  has the authority to use an information as an accusatorial writ. Since this question has not been definitely resolved under present law, caution dictated the specification that the prosecuting attorney be elected as a prerequisite to his use of an information.
In all courts not hereinabove mentioned which have elective prosecuting attorneys, trial by indictment or information is consistent with present Florida constitutional law and most of the statutory law. (See Sec. 10, DR, Fla. Const., sec's. 904.01 & 904.02 FS; cf. sec. 932.56 where an affidavit may be used in cases appealed from a Justice of the Peace court and which is tried de novo in a circuit court.) In specially created courts having elective prosecutors and which are not provided for in foregoing provisions of this rule it was felt that prosecution by indictment or information should be allowed, even though present statutory authority may limit prosecutions in such courts to the use of an information, e.g., the Court of Record of Alachua County.
In Courts not having elective prosecutors, prosecutions by information is not recommended because of the aforementioned doubt as to the authority of a non-elected prosecutor to use an information as an accusatorial writ. With reference to the present court structure of Florida this part of the proposal applies only to county judges' courts and justice of the peace courts. The only variation from present procedure contemplated by this part of the proposal is the use of an indictment as a basis for prosecution in a justice of the peace court.
Under this proposal a grand jury may indict for any criminal offense. This recommendation is based upon the premise that a grand jury's power to indict should not be limited by virtue of levels in a state court structure. A grand jury should be considered as a guardian of the public peace against all criminal activity and should be in a position to act directly with reference thereto. While practicalities dictate that most non-capital felonies and misdemeanors will be tried by information or affidavit, if appropriate, even if an indictment is permissible as an alternative procedure, it is well to retain the grand jury's check on prosecutors in this area of otherwise practically unrestricted discretion.
The procedure proposed for the circuit judge to follow when a grand jury returns an indictment for an offense not triable in the circuit court applies, with appropriate variations, much of the procedure presently used when a grand jury returns an indictment triable in a criminal court of record. (See sec. 32.18 FS)
(b) Nature of Indictment or Information.  This provision appears in Rule 7(c) of the Rules of Criminal Procedure for the United States District Courts (hereafter referred to as the Federal Rules for purposes of brevity). It may be deemed appropriate for incorporation into the recommendations since it preserves to the defendant expressly the right to a formal written accusation and at the same time permits the simplification *138 of the form of the accusation and the elimination of unnecessary phraseology.
(c) Caption, Commencement and Date. 
(1) Caption.  Sec. 906.02 FS contains the essentials of this proposal. It was well settled at common law that the caption is no part of the indictment and that it may be amended. The caption may be considered as serving the purpose of convenience by making more readily identifiable a particular accusatorial writ. The proposal makes it possible for this convenience to be served if either party wishes it, yet does not provide that the caption be a matter of substance. The essentials of this recommendation also appear in section 149 of the American Law Institute's Code of Criminal Procedure.
(2) Commencement.  This proposal apparently is directly contra to sec. 906.02(1) FS which treats the caption and the commencement in the same manner, i.e., that neither is necessary to the validity of the indictment or information but may be present as mere matters of convenience. This legislative assumption may not be a correct one and caution dictates that a meaningful commencement be included. Sec. 20, Art. V, of the Constitution of Florida provides that the style of all process shall be "`The State of Florida' and all prosecutions shall be conducted in the name and by the authority of the State." As contemplated in the proposal the commencement expressly states the sovereign authority by which the accusatorial writ is issued and the agent of that authority. Sec. 906.02(2) FS seems to contemplate that there will be included in the indictment an express provision concerning the agency of the state responsible for its presentation, viz., the grand jury, by stating, "It is unnecessary to allege that the grand jurors were empaneled, sworn or charged, or that they present the indictment upon their oaths or affirmations." The American Law Institute's commentary on the commencement (A.L.I. Code of Criminal Procedure, p. 529 et seq.) indicates that there is much confusion between what information should be in the commencement as distinguished from the caption.
(3) Date.  Since in many cases the beginning of the prosecution is co-existent with the issuance of the indictment or information, the date the writ bears may be of great significance, particularly with reference to the tolling of a statute of limitations. If the date of a grand jury's vote of a true bill or a prosecutor's making oath to an information differs from the date of filing of the indictment or information with the appropriate clerk, it seems the date of filing is the preferable date for a writ to bear since until the filing transpires there is no absolute certainty that the prosecution actually will leave the province of the grand jury or prosecutor.
(d) The Charge. 
(1) Allegation of Facts; Citation of Law Violated.  This proposal is consistent with various sections of chapter 906 FS in that the charge is adequately alleged when based on the essentials of the offense; surplusage should be guarded against. The citation of the law allegedly violated contributes to definitizing the charge and conserves time in ascertaining the exact nature of the charge. The 1963 Illinois Criminal Code, sec. 111-3(a) (2) and Federal Rule 7(c) contain similar provisions.
(2) Name of Accused.  The provision concerning the method of stating the name of accused is consistent with the very elaborate Florida Statute, sec. 906.08, which seems unnecessarily long. It is deemed desirable that when a fictitious name is used the necessity therefor should be indicated by allegation.
(3) Time and Place.  This provision is consistent with present Florida law. (See Morgan v. State, 51 Fla. 76, 40 So. 828 (1906) as to "Time"; see Rimes v. State, 101 Fla. 1322, 133 So. 550 (1931) as to "Place") The provision is patterned after sec. 111-3(4) of the 1963 Illinois Code of Criminal Procedure.
*139 (4) Joinder of Offenses.  The essence of this proposal is presently found in sec. 906.25 FS and Federal Rule 8(a), and in sec. 111-4(a) of the 1963 Illinois Code of Criminal Procedure.
(5) Joinder of Defendants.  This proposal is taken from Federal Rule 8(b). Its substance also appears in sec. 111-4(b) of the Illinois Code of Criminal Procedure. While sec. 906.25 FS does not expressly contain this provision there is little doubt that its broad language includes it.
(6) Allegation of Intent to Defraud.  The language of this proposal presently appears in sec. 906.18 FS except for the provision concerning affidavit. Its continuation seems advisable as an aid to drawing allegations in charging instruments, although such information if known to the prosecutor may be required to be given in a bill of particulars, upon motion of the defendant. (See sec. (n), this Rule.) At times such information may be unknown to the prosecutor. A part of the statute is purposely not included in the proposal. The excluded part states, "* * * and on the trial it shall be sufficient, and shall not be deemed a variance, if there appear to be an intent to defraud the United States or any state, county, city, town or parish, or any body corporate, or any public officer in his official capacity, or any copartnership or members thereof, or any particular person." It seems that this part of the statute is stated in terms of the law of evidence rather than practice and procedure and should not be included in the Rules, although apparently being a logical conclusion from the part included in the proposal.
(e) Incorporation by Reference.  Although provision for incorporation by reference appears in Federal Rule 7(c), the prohibition of such incorporation is recommended with the thought that even though repetition may be minimized by incorporation, confusion, vagueness and misunderstanding may be fostered by such procedure.
(f) Indorsement and Signature  Indictment.  The requirement that the indictment be indorsed "A true bill" and be signed by the foreman or acting foreman of the grand jury presently appears in sec. 905.23 FS. There apparently is no valid reason for changing this requirement since it serves the useful purpose of lending authenticity to the indictment as a legal product of the grand jury. The requirement of the foreman's signature also appears in Federal Rule 6(c), 1963, Illinois CCP sec. 111-3(b) and A.L.I. Model Code of Crim.Proc. sec. 125.
The provision pertaining to the statement and signature of the prosecuting attorney varies from present Florida law and is offered in alternative form. Florida statutes presently provide that an indictment shall be signed by a state attorney (sec.'s 27.21 & 27.22). Federal Rule 7(c) also provides for the signature of the attorney for the government.
No requirement presently is made in Florida necessitating an express explanatory statement preceding such signature. Presumably the justification for the signature appears in the Florida statutes that require the aforementioned officers to wait upon the grand jury as advisors, as examiners of witnesses, and to draw indictments. (See sec's 905.16, 905.17, 905.19, 905.22, 27.02, 27.16, 27.21 & 27.22 FS.)
Vagueness remains concerning the significance of the signature, however. Since the prosecuting attorney cannot be present while the grand jury is deliberating or voting (see sec. 905.17 FS) and has no voice in the decision of whether an indictment is found (see sec. 905.23 FS), a logical question arises concerning the necessity for his signature on the indictment. The provision for the statement is made for the purpose of clarifying the reason for the signature.
(g) Signature and Oath  Information.  Sec. 10, DR, Florida Constitution requires that informations be under oath of *140 the prosecuting attorney of the court wherein the information is filed. Sec. 9(5), Art. V, Florida Constitution contains the same requirement concerning informations filed by the prosecuting attorney in a criminal court of record. This proposal also does not deviate from present Florida statutory law as found in sec. 906.04 FS. This statute has received judicial approval. (See Champlin v. State, Fla.App., 122 So.2d 412 (1960).) It should be noted here that the prosecutor's statement under oath is definitized as to the purpose served by the signature.
(h) Conclusion.  A similar provision currently appears in sec. 906.03 FS and should be included in the Rules because of its tendency to minimize unnecessary statements in accusatorial writs. Provision is added for the affidavit as an accusatorial writ.
(i) Surplusage.  The first part of the proposal, providing for the disregarding of unnecessary allegations as surplusage, is similar to sec. 906.24 FS. The part concerned with striking such material is patterned after Federal Rule 7(d). The parts are properly complementary.
(j) Amendment of Information.  Note  This proposal contains no provision for an amendment of an indictment since, presumably, a grand jury may not amend an indictment which it has returned and which is pending, although it may return another indictment and the first indictment may be disposed of by a nolle prosequi. (See 17 Fla. Juris. Indictments and Informations, see 9 (1958).) A federal indictment cannot be amended without reassembling the grand jury; (see Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887)); consequently the Federal Rules contain no provision for the amendment of an indictment. (It may be that the Supreme Court of Florida will feel inclined to include in the Rules an express statement concerning amendments of an indictment. None is included here, however.)
The proposal is patterned after sec. 111-5 of the 1963 Illinois Code of Criminal Procedure, with one exception. The exception arises due to the fact that the Illinois Code provision applies to indictments as well as informations, the position in Illinois apparently being assumed that an indictment may be amended, at least with reference to specified items listed in the statute, as well as other formalities.
(k) Form of Certain Allegations.  Several statutes in Chapter 906 FS are concerned with the manner of making allegations in indictments and informations. Some of these sections are of such general application that it seems advisable to include their substance in the Rules; others are so restricted that it may be deemed appropriate to recommend other disposition of them.
The proposals made in (1) through (7) here are based on the substance of the designated Florida statutes:
Proposal (1)  sec. 906.09.
Proposal (2)  sec. 906.10.
Proposal (3)  sec. 906.11.
Proposal (4)  sec. 906.12.
Proposal (5)  sec. 906.13.
Proposal (6)  sec. 906.23.
Proposal (7)  sec. 906.17.
(l) Custody and Inspection.  The proposal is taken verbatim from sec. 906.27. The necessity for specific provision for the custody and inspection of accusatorial writs seems to be proper to include here.
(m) Defendant's Right to Copy of Indictment or Information.  The procedure contained in this proposal is presently required under sec. 906.28 FS and seems to be unobjectionable.
(n) Statement of Particulars. The phrase, "bill" of particulars, has been modernized by changing "bill" to "statement." Historically, a "bill" is a written statement. The first sentence of this proposal is taken from sec. 906.07 FS, the only change being *141 the narrowing of the scope of the judicial discretion now granted by the statute. The latter part of the proposal is recommended in order to clarify the requirements of the rule. Provision for the accusatorial affidavit has been added.
(o) Defects and Variances.  This proposal presently appears in Florida law in the form of sec. 906.25 FS. The statute has been the object of much judicial construction and it seems inadvisable to divide it into parts merely for convenience in placing these parts under more appropriate titles, such as "Pre-Trial Motions," "Motion for New Trial," etc.
The intimate relation the statute has with indictments and informations justifies its inclusion here. The useful purposes served by the court constructions dictate the use of the statutory language without change.

RULE 1.150 PROCESS UPON INDICTMENT, INFORMATION AND AFFIDAVIT
(a) Capias Issued Upon Felony Charge; Bail Specified.  Upon the filing of either an indictment or information charging the commission of a felony, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately, or when so directed by the prosecuting attorney, a capias for the arrest of such person. Upon the filing of the indictment or information, the judge shall indicate the amount of bail, if the offense is bailable, in which case an indorsement shall be made on the capias and signed by the judge or clerk, to the following effect: The defendant is to be admitted to bail in the sum of ____ dollars.
(b) Summons Upon Misdemeanor Charge.  Upon the filing of an indictment, information, or affidavit upon which the defendant is to be tried, charging the commission of a misdemeanor only, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall direct the clerk to issue or shall issue a summons instead of a capias, unless the judge has reasonable ground to believe that the person will not appear in response to a summons, whereupon a capias shall be issued with the amount of bail endorsed thereon. The summons shall set forth substantially the nature of the offense and shall command the person against whom the complaint was made to appear before the magistrate issuing the summons at a time and place stated therein.
(c) Summons When Defendant is Corporation.  Upon the filing of an indictment or information or affidavit charging a corporation with the commission of a crime, whether felony or misdemeanor, the judge shall direct the clerk to issue or shall issue a summons to secure its appearance to answer the charge. If, after being summoned, the corporation does not appear, a plea of not guilty shall be entered and trial and judgment shall follow without further process.
Committee Note: (a) and (b) These proposals contain the essentials of present Florida Statutes, 907.01, 907.02 and 901.09 (3) a change of some of the terminology being warranted for purpose of clarity.
(c) This proposal contains all of the essentials of sec. 907.03 FS and that part of sec. 901.14 FS pertaining to post-indictment or post-information procedure. A charge by affidavit is provided.

IV ARRAIGNMENT AND PLEAS

RULE 1.160 ARRAIGNMENT
(a) Nature of Arraignment.  The arraignment shall be conducted in open court and shall consist of the judge or clerk or prosecuting attorney reading the indictment or information or the affidavit upon which the defendant will be tried to the defendant or stating orally to him the substance *142 of the charge or charges and calling upon him to plead thereto. Such reading or statement as to the charge or charges may be waived by the defendant.
(b) Effect of Failure to Arraign or Irregularity of Arraignment.  Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in the cause if the defendant pleads to the indictment or information or affidavit on which the defendant is to be tried or proceeds to trial without objection to such failure or irregularity.
(c) Plea of Guilty After Indictment, Information or Affidavit Filed.  If a person who has been indicted, informed against or charged by affidavit for an offense, but who has not been arraigned, desires to plead guilty thereto, he may so inform the court having jurisdiction of the offense, and such court shall, as soon as convenient, arraign the defendant and permit him to plead guilty to the indictment or information.
(d) Time to Prepare for Trial.  After a plea of not guilty the defendant is entitled to a reasonable time in which to prepare for trial.
(e) Defendant Not Represented by Counsel.  Prior to arraignment of any person charged with the commission of a felony, if he is not represented by counsel the court shall advise him of his right to counsel and if he is financially unable to obtain counsel, of his right to be assigned court-appointed counsel to represent him at such arraignment and at all subsequent proceedings in the case. If the defendant shall inform the court that he desires to be represented by counsel, and further, shall execute an affidavit that he is unable financially or otherwise to obtain counsel, and if the court shall determine such reason to be true, the court shall appoint counsel to represent him.
If the defendant, however, understandingly waives representation by counsel, he shall execute a written waiver of such representation which shall be filed in the case. If counsel be appointed, a reasonable time shall be accorded to such counsel before the defendant shall be required to plead to the indictment, information or affidavit upon which he is to be arraigned or tried, or otherwise to proceed further.
Committee Note: (a) A combination of 908.01 FS and Federal Rule 10.
(b) Same as 908.02 FS.
(c) Same as 909.15 FS except provision is made for trial by affidavit.
(d) Same as 909.20 FS.
(e) Federal Rule of Criminal Procedure 44 provides:
"If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."
A presently proposed amendment to such rule provides:
"(a) Right to Assigned Counsel.  Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before the commissioner or the court through appeal, unless he waives such appointment."
"(b) Assignment Procedure.  The procedures for implementing the right set out in subdivision (a) shall be those provided by law or by local rules of district courts of appeal."
In lieu of such latter, blanket provision, it is suggested that the rule provide, as stated, for inquiry of the defendant and determination by the court as to his desire for and inability to obtain counsel, after being advised of his entitlement thereto. Many defendants, of course, will waive counsel.
In view of the 5th Circuit Court of Appeals' decision in the Harvey case and that in White v. Maryland, holding that entitlement *143 to counsel does not depend upon whether the offense charged be a felony or misdemeanor, it is suggested that the word "crime" be used instead of "felony" only in the first sentence of the proposed rule.
In Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, involving breaking and entering with intent to commit rape, the Supreme Court held the defendant to be entitled to counsel at the arraignment, if the arraignment be deemed a part of the trial, as apparently it is under Alabama law. In Ex parte Jeffcoat, 109 Fla. 207, 146 So. 827, the Supreme Court of Florida held the arraignment to be a mere formal preliminary step to an answer or plea. However, in Sardinia v. State, Fla., 168 So.2d 674, the court recognized the accused's right to counsel upon arraignment. FS 909.21 provides for appointment of counsel in capital cases.

RULE 1.170 PLEAS
(a) Type of Pleas; Court's Discretion in Accepting.  A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.
(b) Form of Plea; Failure to Enter of Record.  Every plea shall be made orally in open court, except that it may be made in writing or by counsel if the trial court has excused the defendant from personally appearing in a misdemeanor case, and shall be entered of record; but a failure so to enter it shall not affect the validity of any proceeding in the cause.
(c) Standing Mute or Pleading Evasively.  If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.
(d) Failure of Corporation to Appear.  If the defendant is a corporation and fails to appear a plea of not guilty shall be entered of record.
(e) Plea of Not Guilty; Operation in Denial.  A plea of not guilty is a denial of every material allegation in the indictment, information or affidavit upon which the defendant is to be tried.
(f) Withdrawal of Plea of Guilty.  The court may, in its discretion, and shall upon good cause, at any time before sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty.
(g) Plea of Guilty to Lesser Included Offense or Lesser Degree.  The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged which is included in the offense charged in the indictment, information or affidavit or to any lesser degree of the offense charged.
(h) Plea of Guilty to an Offense Divided into Degrees; Determination of the Degree.  When an indictment, information or affidavit charges an offense that is divided into degrees without specifying the degree, if the defendant pleads guilty generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty.
Committee Note: (a) Patterned after the major portion of Federal Rule 11.
(b) Same as 909.07 FS except the word "made" is substituted for "pleaded."
(c) Taken from a part of 908.03 FS.
(d) Taken from a part of 908.03 FS.
(e) Same as 909.16 FS, except that provision is added for trial by affidavit.
*144 (f) Essentially the same as 909.13 FS.
(g) Essentially the same as 909.09 FS, except for the addition of the charge by affidavit.
(h) Same as 909.11 except provision is made for a charge by affidavit.

RULE 1.180 PRESENCE OF DEFENDANT
(a) Presence of Defendant.  In all prosecutions for crime the defendant shall be present:
(1) At arraignment;
(2) When a plea is made;
(3) At the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;
(4) At all proceedings before the court when the jury is present;
(5) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
(6) At any view by the jury;
(7) At the rendition of the verdict;
(8) At the pronouncement of judgment and the imposition of sentence.
(b) Defendant Absenting Himself.  If the defendant is present at the beginning of the trial and shall thereafter, during the progress of said trial, or before the verdict of the jury shall have been returned into court, voluntarily absents himself from the presence of the court without leave of court, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
(c) Defendant May Be Tried in Absentia for Misdemeanors.  Persons prosecuted for misdemeanors may, at their own request, by leave of court, be excused from attendance at any or all of the proceedings aforesaid.
(d) Presence of Corporation.  A corporation may appear by counsel at all times and for all purposes.
Committee Note: (a) The suggested rule is in great part a recopying of FS 914.01:
In (3) the words "at the beginning of the trial" are recommended for inclusion to avoid questions arising as to the necessity for the defendant's presence at times other than upon trial, such as when the jury venire is ordered, etc.
Subhead 8 is not in the present statute. However, it is deemed advisable to include it as the several sections of Chapter 921, particularly FS 921.07 appear to impliedly or expressly require the defendant's presence at such times.
(b) It will be noted that the statute and the suggested rule make no distinction between capital and other cases. In all probability, however, where a person on trial for a capital case to escape during trial, a mistrial should be ordered if such person were not captured within a reasonable time.
(c) It is suggested that this language be used rather than the all-inclusive general language of the present statute as to misdemeanor cases.
(d) This provision does not appear in FS 914.01 but it is a part of Federal Rule of Criminal Procedure 43. It is deemed useful to include it.

*145 V PRE-TRIAL MOTIONS AND DEFENSES

RULE 1.190 PRE-TRIAL MOTIONS
(a) Pre-Trial Motions in General.  Every pre-trial motion and pleading in response to a motion shall be in writing and signed by the party making the motion or the attorney for the party. This requirement may be waived by the court for good cause shown. Each such motion or other pleading shall state the ground or grounds on which it is based. A copy shall be served on the adverse party's attorney before the time the original is filed. A certificate of service must accompany the filing of any such pleading.
(b) Motion to Dismiss. 
(1) Grounds.  All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment, information or affidavit, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss.  Unless the court grants him further time, the defendant shall move to dismiss the indictment, information or affidavit either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for a motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which he has been pardoned; or
(2) The defendant is charged with an offense of which he has previously been placed in jeopardy; or
(3) The defendant is charged with an offense for which he has previously been granted immunity; or
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.
(d) Traverse or Demurrer.  The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision of the motion. A motion to dismiss under paragraph (c) (4) of this rule shall be denied if the state files a traverse which denies under oath a material fact alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(e) Effect of Sustaining a Motion to Dismiss.  If the motion to dismiss is sustained the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment, information or affidavit. If a new indictment, information, or affidavit is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody. If he has been released on bail he and his sureties shall be exonerated; if money or bonds have been deposited as bail such money or bonds shall be refunded.
(f) Order Dismissing.  For the purpose of construing Section 924.07 (1), Florida Statutes, the statutory term "order *146 quashing" shall be taken and held to mean "order dismissing."
(g) Motion for Continuance. 
(1) Definition.  A continuance within the meaning of this rule is the postponement of a cause for any period of time
(2) Cause.  The court on motion of the State or a defendant or upon its own motion may in its discretion for good cause shown grant a continuance.
(3) Time for Filing.  A motion for continuance may be made only before or at the time the case is set for trial, unless good cause for failure to so apply is shown or unless the ground for the motion arose after the cause was set for trial.
(4) Certificate of Good Faith.  A motion for continuance shall be accompanied by a certificate of the movant's counsel that the motion is made in good faith.
(5) Affidavits.  The party applying for a continuance may file affidavits in support of his motion, and the adverse party may file counter-affidavits in opposition to the motion.
(h) Motion to Suppress Evidence Obtained Through an Unlawful Search and Seizure. 
(1) Grounds.  A defendant aggrieved by an unlawful search and seizure may move the court to suppress for the use as evidence anything so obtained on the ground that:
1. The property was illegally seized without a warrant; or
2. The warrant is insufficient on its face; or
3. The property seized is not that described in the warrant; or
4. There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
5. The warrant was illegally executed.
(2) Time for Filing.  The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
(3) Hearing.  The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.
(i) Motion to Suppress a Confession or Admissions Illegally Obtained. 
(1) Grounds.  Upon motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
(2) Time for Filing.  The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
(3) Hearing.  The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.
(j) Motion for Severance of Offenses or Defendants.  Upon motion of the State or a defendant, the court shall order a severance of multiple offenses or defendants charged in a single indictment, information or affidavit and separate trials thereon upon a showing that:
(1) The offenses or defendants are not properly joinable in a single indictment, or information or affidavit; or
(2) The movant is prejudiced by the joinder of offenses or defendants.
(k) Motion for Consolidation.  Upon motion of the State or a defendant, the court may order two or more indictments, informations or affidavits to be consolidated for trial, if the offenses, and the defendants if more than one, could have been joined in a single indictment, information or affidavit. The procedure thereafter *147 shall be the same as if the prosecution were under a single indictment, information or affidavit.
(l) Motion to Take Deposition to Perpetuate Testimony. 
(1) At any time after the filing of an indictment, information, or affidavit upon which a defendant is to be tried, if he shall satisfy the court by his oath in writing, or by the affidavits of credible persons, that the testimony of an absent person is material and necessary to his defense, and that such witness resides beyond the territorial jurisdiction of the court or is so sick and infirm that with diligence his attendance cannot be procured at the trial, the court upon the proper application of the accused, or his attorney, shall order that a commission be issued to take the deposition of such witnesses to be used in the trial. If the application is made within ten days prior to the trial date the court may in the exercise of sound discretion deny such application.
(2) If a defendant desires to perpetuate the testimony of a witness living in or out of the state, whose testimony is material and necessary to his defense, the same proceedings shall be followed as set forth in sub-section (1) hereof; with the exception, however, that the testimony of such witness be taken before an official court reporter, transcribed by him, and filed in the trial court.
(3) The order for issuing such commission may be made by the court, either in term time or in vacation. Application to the court for that purpose may be made in vacation as well as in term time. The commission shall be issued at a time to be fixed by the court.
(4) Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution and return of the commission, and the opening of the depositions in civil cases shall be observed in criminal cases.
(5) No deposition shall be used or read in evidence when the attendance of the witnesses can be procured, and if it shall appear to the court that any person whose deposition has been taken has absented himself by the procurement, inducement, or threats of the accused, or of any person on his behalf, such depositions shall not be read in evidence.
(m) Motion to Strike.  The court on motion of the defendant may strike surplusage from the indictment, information, or affidavit upon which he is to be tried.
Committee Note: (a) New; devised by committee.
(b) Substantially same as 909.02, except changes name of "motion to quash" to "motion to dismiss." This conforms to Federal rules terminology. The statute authorizing the state to appeal from certain orders, 924.07, should be amended by substituting the words "motion to dismiss" for "motion to quash."
(c) Combines the substance of 909.01 and 909.06. Sub-paragraph (4) affords a new remedy to an accused which he did not previously have. Although there is now a conclusive presumption of probable cause once an indictment or information is filed (See Sullivan v. State ex rel. McCrory, Fla., 49 So.2d 794) it is felt that this rule is necessary. Primarily, this procedure will permit a pre-trial determination of the law of the case where the facts are not in dispute. In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to a subsequent prosecution.
(d) New; based on Marks v. State, 115 Fla. 497, 155 So. 727, and what is generally regarded as the better practice. Hearing provision based on Federal Rule 41(e).
(e) Combines Federal Rule 12(b) (5) and 909.05. With reference to the maximum time that a defendant will be held in custody or on bail pending the filing of a new indictment or information, the trial *148 court is given its discretion in setting such time as to both the indictment and information. This proposal differs from sec. 909.05 FS with reference to the filing of a new indictment in that the statute requires that the new indictment be found by the same grand jury or the next grand jury having the authority to inquire into the offense. If the Supreme Court has the authority to deviate from this statutory provision by Court rule it seems that the trial court should be granted the same discretion with reference to the indictment that it is granted concerning the information. The statute is harsh in that under its provisions a person can be in custody or on bail for what may be an unreasonable length of time before a grand jury is required to return an indictment in order that the custody or bail be continued.
(g) (1) This subsection is almost the same as FS 916.02(1).
(g) (2) This subsection is almost the same as FS 916.02(2).
(g) (3) This subsection is almost the same as FS 916.03.
(g) (4) This motion rewords a portion of FS 916.04.
(g) (5) This subsection rewords FS 916.07.
(h) Same as Federal Rule 41(e) as to the points covered.
(i) This Rule is based on 38-114-11 of the Illinois Code of Criminal Procedure and Rule 41(e) of the Federal Rules.
(j) This subsection rewords and adds to Fed.Rule 14. It covers subject matter of 918.02.
(k) This Rule is almost the same as Fed.Rule 13, with provision added for trial by affidavit.
(l) Substantially same as 916.06 with these exceptions: application cannot be made until indictment, information, or trial affidavit is filed; application to be made at least 10 days before trial; oral deposition in addition to written interrogatories permissible.

RULE 1.200 NOTICE OF ALIBI
Upon the written demand of the prosecuting attorney, specifying as particularly as is known to such prosecuting attorney, the place, date and time of the commission of the crime charged, a defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than ten days before trial or such other time as the court may direct, file and serve upon such prosecuting attorney a notice in writing of his intention to claim such alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish such alibi. Not less than five days after receipt of defendant's witness list, or such other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses (as particularly as are known to the prosecuting attorney) of the witnesses the State proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the cause. Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses of additional witnesses which come to the attention of either party subsequent to filing their respective witness lists as provided in this rule. If a defendant fails to file and serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of proving an alibi, except the testimony of the defendant himself. If such notice is given by a defendant, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving an alibi if the name and address of such witness as particularly as is known to defendant or his attorney *149 is not stated in such notice. If the prosecuting attorney fails to file and serve a copy on the defendant of a list of witnesses as herein provided, the court may exclude evidence offered by the state in rebuttal to the defendant's alibi evidence. If such notice is given by the prosecuting attorney, the court may exclude the testimony of any witness offered by the prosecuting attorney for the purpose of rebutting the defense of alibi if the name and address of such witness as particularly as is known to the prosecuting attorney is not stated in such notice. For good cause shown the court may waive the requirements of this rule.
Committee Note: The proposed rule is completely new in Florida. Fourteen states have adopted notice of alibi statutes or rules: Arizona Supreme Court Rules of Criminal Procedure 192 (enacted in 1940); Ind.Ann.Stat. 9-1631, 9-1632, 9-1633 (1956) (enacted in 1935); Iowa Code Ann. 777.18 (1958) (enacted in 1941); Kan.Gen.Stat. Ann. 62-1341 (1949) (enacted in 1935); Minn. Stat. Ann. 630.14 (1947) (enacted in 1935); N.J. Superior and County Court Criminal Practice Rule 3:5-9 (1948) (enacted in 1934); N.Y. Code of Crim.Proc. 295-l (1935) (enacted in 1935); Ohio Rev. Code Ann. 2945.58 (1953) (enacted in 1929); Okla. Stat. Ann. 22-585 (1937) (enacted in 1935); S.D. Code 34.2801 (1939) (enacted in 1935); Utah Code Ann. 77-22-17 (1953) (enacted in 1935); Vt. Stat. Ann. 13-6561, 6562 (1958) (enacted in 1935); Wis. Stat. Ann. 955.07 (1958) (enacted in 1935).
The proposed rule is modeled after the Ohio, New York and New Jersey statutes:
(1) The requirement of notice in writing is taken from the Ohio statute.
(2) The requirement of an initial demand by the prosecuting attorney is based on the New York and New Jersey statutes.
(3) The requirement of a mutual exchange of witness list is based on those statutes which require the defendant to disclose his alibi witnesses. In the interest of mutuality, the requirement of a reciprocal exchange of witness lists has been added. The enforcement provision is based on the Ohio and New York statutes. In New York, a defendant who fails to give advance notice of alibi may still give alibi testimony himself. People v. Rakiec, 260 App.Div. 452, 23 N.Y.S.2d 607 aff'd 289 N.Y. 306, 45 N.E.2d 812 (1942).
For an excellent article on notice of alibi statutes, court decisions thereunder and some empirical data on the practical effect of the rules, see Epstein, "Advance Notice of Alibi" Journal of Criminal Law, Criminology and Police Science, April 1964, pp 29-38.

RULE 1.210 INSANITY
(a) At Time of Trial.  If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant's mental condition. The court may appoint not exceeding three disinterested qualified experts to examine the defendant and to testify at the hearing as to his mental condition. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.
If the court decides that the defendant is sane, it shall proceed with the trial. If, however, it decides that the defendant is insane, it shall commit the defendant to the proper institution. If the defendant is declared insane during the trial, and afterwards released from the institution to which he has been committed, as sane, his former uncompleted trial shall not constitute former jeopardy. If, after a defendant has been committed to an institution as insane, the proper officer of such institution is of the opinion that the defendant is sane, the court shall fix a time for a hearing to determine whether the defendant is sane. The hearing shall be conducted in *150 the same manner as the original hearing to determine the defendant's sanity. If found sane, the trial shall proceed; if found insane, he shall be recommitted as hereinabove set forth.
(b) At Time of Offense.  When in any criminal case it shall be the intention of the defendant to rely upon the defense of insanity, no evidence offered by the defendant for the purpose of establishing such insanity shall be admitted in such case unless advance notice of such defense shall have been given by the defendant as hereinafter provided.
If the defendant upon arraignment, or prior thereto, notifies the court that he will rely upon insanity as one of his defenses, then the court will hear the parties and require the defendant to file, within such time as may be fixed by the court, a statement of particulars showing as nearly as he can the nature of insanity he expects to prove and the names and addresses of the witnesses by whom he expects to prove such insanity.
Upon the filing of said statement of particulars by the defendant, upon motion of the prosecution, the court may cause the defendant to be examined, in the presence of attorneys for the state and for the defendant, if they choose to be present, by one or more disinterested qualified experts, not exceeding three, appointed by the court, at such time and place as may be designated in the order of the court, as to the sanity, or insanity, of the defendant at the time of the commission of the alleged offense and subsequent thereto.
Upon good cause shown for the omission of the notices and procedure as to the defense of insanity, as here set forth, the court may in its discretion permit the introduction of evidence of such defense.
(c) Insanity at Time of Offense; Appointment of Expert Witnesses. 
When on a prosecution by indictment or information the existence of insanity on the part of the defendant at the time of the alleged commission of the offense charged becomes an issue in the cause, the court may appoint one or more disinterested qualified experts, not exceeding three, to examine the defendant. If the court does so, the clerk shall notify the prosecuting attorney and counsel for the defendant of such appointment and shall give the names and addresses of the experts so appointed. If the defendant is at large on bail, the court in its discretion may commit him to custody pending the examination by such experts. The appointment of experts by the court shall not preclude the state or defendant from calling expert witnesses to testify at the trial and in case the defendant is committed to custody by the court they shall be permitted to have free access to the defendant for purposes of examination or observation. The experts appointed by the court shall be summoned to testify at the trial and may be examined by the court and by counsel for the state and the defendant.
Committee Note: (a) Same as 917.01 except it was felt that court cannot by rule direct institution officials. Thus words, "* * * he shall report this fact to the court which conducted the hearing. If the officer so reports * * *" and concluding sentence, "No defendant committed by a court to an institution, by reason of the examination referred to in this paragraph, shall be released therefrom, without the consent of the court committing him," should be omitted from the rule but retained by statute.
(b) Same as 909.17.
(c) Same as 917.02.

*151 VI DISCOVERY

RULE: 1.220 DISCOVERY
(a) Production of Statement or Confessions, or Results or Reports of Physical or Mental Examinations, and of Defendant's Recorded Testimony Before Grand Jury.  When a person is charged with an offense, upon motion of such person, at any time after the filing of the indictment, information, or affidavit upon which the defendant is to be tried, the court shall order the prosecuting attorney:
(1) To permit the defendant to inspect and copy or photograph the defendant's written or recorded statements or confessions, if any, whether signed or unsigned.
(2) To permit the defendant to inspect and copy or photograph results and reports of physical or mental examinations, and of scientific tests, or experiments made in connection with the particular case, or copies thereof, which are known by the prosecutor to be within the possession, custody, or control, of the state; and,
(3) To permit the defendant to inspect and copy or photograph the recorded testimony of the defendant before a grand jury, if any.
The order shall specify the time, place and manner of making the inspections and of making copies or photographs and may prescribe such terms and conditions as are just.
(b) Production of Other Documents and Things for Inspection, Copying or Photographing.  When a crime is alleged to have been committed and the evidence of the state shall relate to ballistics, firearms identification, fingerprints, blood, semen, or other stains, or documents, papers, books, accounts, letters, photographs, objects, or other tangible things of whatsoever kind or nature, the court shall order the state to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated papers, books, accounts, letters, photographs, objects, or other tangible things. At any examination to be conducted by representatives of the state, as to ballistics, firearms identification, fingerprints, blood, semen, and other stains, the defendant, upon motion and notice, shall be permitted by order of court, to be present, or have present an expert of his own selection, or both, during the course of such examination. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs, and may prescribe such terms and conditions as are just.
(c) Reciprocal Discovery.  If the court grants relief sought by the defendant under (a) (2), or (b) of this rule, it shall condition its order by requiring that the defendant permit the state to inspect, copy or photograph scientific or medical reports, books, papers, documents, or tangible objects which the defendant intends to produce at the trial and which are within his possession, custody, or control.
(d) Disclosure of Witnesses Supplying Basis for Charge.  It shall not be necessary to endorse on any indictment or information, the names and addresses of the witnesses on whose evidence the same is based, but upon motion of the defendant the court shall order the prosecuting attorney to furnish the names and addresses of such witnesses.
(e) Exchange of Witness Lists.  In addition to, or instead of, the practice described in Rule 1.220(d) when a person is charged with an offense he may at any time after the filing of the indictment or information against him, or the affidavit upon which the defendant is to be tried, file in the cause an offer in writing (a copy of which offer shall be furnished to the prosecuting attorney) to furnish to the prosecuting attorney a list of all witnesses with their addresses and whereabouts if *152 known whom the defendant expects to call as defense witnesses at the trial, whereupon, within five days after receipt of same by the prosecuting attorney, or within six days after the mailing of same to the prosecuting attorney, whichever shall be earlier, the prosecuting attorney shall file with the clerk and furnish to the person charged, a list of all witnesses known to the prosecuting attorney to have information which may be relevant to the offense charged, and to any defense of the person charged with respect thereto; and, within five days after the prosecuting attorney files with the clerk and furnishes such list of witnesses to the defendant, or within six days after the mailing of same to the defendant, whichever shall be earlier, the defendant shall file with the clerk and furnish to the prosecuting attorney a list of all witnesses whom the defendant expects to call as defense witnesses at the trial.
The prosecuting attorney may, prior to filing his list of witnesses, move the court for a protective order as provided in subsection (h) of this rule. The filing of a motion for a protective order will automatically stay the times provided for in this sub-section. If a protective order is granted the defendant may, within two days thereafter, or at any time before the prosecuting attorney files a list as required herein, withdraw his offer and not be required to furnish his list of witnesses.
(f)Discovery Depositions.  When a person is charged with an offense, upon motion of such person, at any time after the filing of the indictment, information, or affidavit upon which the defendant is to be tried and after notice to the prosecuting attorney, the court shall order the taking of the deposition of any person other than a confidential informer who will not be a witness at the trial, who may have information relevant to the offense charged and the defense of the person charged with respect thereto, on showing that the testimony of the witness may be material or relevant on the trial, or of assistance in the preparation of the defense of the person charged, and on showing that the witness will not cooperate in giving a voluntary, signed, written statement to the person charged or his attorney. The person charged shall give to the prosecuting attorney written notice of the time and place for taking the deposition. The notice shall state the name and address of each person to be examined. On motion of the prosecuting attorney, the court ordering the deposition may, for good cause shown, extend or shorten the time and may change the place of taking. A deposition under this section shall be taken in the manner provided in the Florida Rules of Civil Procedure, and the scope of examination, on such deposition, and as to the written statement above shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant hereto may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. An order to take depositions authorizes the issuance of subpoenas by the clerk of the court for the persons named or described therein. A resident of the state may be required to attend an examination only in the county wherein he resides, or is employed, or regularly transacts his business, in person. A person who refuses to obey a subpoena served upon him may be adjudged in contempt of the court from which the subpoena issued.
(g) Continuing Duty to Disclose; Failure to Comply.  If, subsequent to compliance with an offer or order for discovery under these rules, and prior to or during trial, a party discovers additional material which he would have been under a duty to disclose or produce at the time of such previous compliance, if it was then known to the party he shall promptly notify the other party or his attorney of the existence of the additional material in the same manner as required under these rules for initial discovery. If, at any time during the course of the proceedings it is brought to the attention of the court that a party has *153 failed to comply with this rule, or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from calling a witness not disclosed, or introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances.
(h) Protective Orders.  Upon a sufficient showing the court may, at any time, grant a protective order whereby the discovery contemplated by paragraphs (d), (e) and (f) hereof, is denied, restricted, or deferred, or make such other order as is appropriate and may alter the time of compliance provided for herein. Upon motion by the prosecuting attorney the court may permit the state to make such showing, in whole or in part, in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following a showing to the court alone, the entire text of the state's statement shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal by the defendant.
(i) Costs of Indigents.  After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.
(j) Application of Rule to County Judge's and Justice of the Peace Courts Having Irregular or No Prosecutors.  In a county judge's court or a court of a justice of the peace in which there is no prosecutor who can be required to meet the obligations of the state as provided for in this rule, the judge or justice of the peace shall meet such obligations in so far as it is reasonable to do so, including the issuance of appropriate orders to the affiant responsible for making the affidavit upon which the defendant is to be tried.
Committee Note: (a) (1) This is substantially the same as 925.05.
(a) (2) This is new and allows a defendant rights which he did not have, but must be considered in light of rule (c).
(a) (3) This is a slight enlargement upon the present practice; however, from a practical standpoint, it is not an enlargement, but merely a codification of 925.05 with respect to the defendant's testimony before a grand jury.
(b) This is a re-statement of 925.04, except for the change of the word "may" to "shall."
(c) This is new and affords discovery to the State within the trial judge's discretion by allowing the trial judge to make discovery under (a) (2) and (b) conditioned upon the defendant giving the State some information if he has it. This affords the State some area of discovery which it did not previously have with respect to (b). A question was raised concerning the effect of (a) (2) on F.B.I. reports and other reports which are submitted to a prosecutor as "confidential" but it was agreed that the interests of justice would be better served by allowing this rule and that after the appropriate governmental authorities are made aware of the fact that their reports may be subject to compulsory disclosure, no harm to the State will be done.
(d) and (e). This gives the defendant optional procedures. (d) is simply a codification of 906.29 except for the addition of "addresses." The defendant is allowed this procedure in any event. (e) affords the defendant the additional practice of obtaining all of the State's witnesses, as distinguished from merely those on whose evidence the information, or indictment, is based, but only if the defendant is willing to give the State all of his witnesses which he must do if he takes advantage of this rule. The confidential informer must be disclosed if he is to be used as a witness; but it was expressly viewed that this should not otherwise over-rule present case law on the subject of disclosure of confidential *154 informants, either where disclosure is required or not required.
(f) This is new and is a compromise between the philosophy that the defendant should be allowed unlimited discovery depositions and the philosophy that he should not be allowed any discovery depositions at all. The purpose of the rule is to afford the defendant relief from situations where witnesses refuse to "cooperate" by making pretrial disclosures to the defense. It was determined to be necessary that the written signed statement be a criterion because this is the only way witnesses can be impeached by prior contradictory statements. The word "cooperate" was intentionally left in the rule, although the word is a loose one, so that it can be given a liberal interpretation, i.e., a witness may say that he is making himself available and yet never actually submit himself to an interview. Some express the view that the defendant is not being afforded adequate protection because the cooperating witness will not have been under oath, but the sub-committee felt that the only alternative would be to make unlimited discovery depositions available to the defendant which was a view not approved by a majority of the sub-committee. Each minority is expressed by the following alternative proposals:
Alternative Proposal (1): Where a person is charged with an offense, at any time after the filing of the indictment or information, or affidavit, upon which the defendant is to be tried, such person may take the deposition of any person by deposition upon oral examination for the purpose of discovery. The attendances of witnesses may be compelled by the use of subpoenas as provided by law. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. The scope of examination and the manner and method of taking such deposition shall be as provided in the Florida Rules of Civil Procedure and said deposition may be used for the purpose of contradicting or impeaching the testimony of a deponent as a witness.
Alternative Proposal (2): If a defendant shall sign and file a written waiver of his privilege against self-incrimination, and if he shall submit himself to interrogation under oath by the prosecuting attorney, then he shall be entitled to compulsory process for any or all witnesses to enable him to interrogate them under oath, before trial, for discovery purposes.
A view was expressed that some limitation should be placed on the State's rights under 27.04 and 32.20 Florida Statutes, which allow the prosecutor to take all depositions unilaterally at any time. It was agreed by all members of the sub-committee that this right should not be curtailed until some specific time after the filing of an indictment, information, or affidavit, because circumstances sometime require the filing of the charge and a studied marshalling of evidence thereafter. Criticism of the present practice lies in the fact that any time up to and during the course of the trial the prosecutor can subpoena any person to the privacy of his office without notice to the defense and there take a statement of such person under oath. The sub-committee was divided, however, on the method of altering this situation and the end result was that this sub-committee itself should not undertake to change the existing practice, but should make the Supreme Court aware of this apparent imbalance.
(g) This is new and is required in order to make effective the preceding rules.
(h) This is new and although it encompasses relief for both the State and the defense, its primary purpose is to afford relief in situations where witnesses may be intimidated and where a prosecuting attorney's heavy docket might not allow him to comply with discovery within the time limitations set forth in the rules. The words "sufficient showing" were intentionally included in order to permit the trial judge to have discretion in granting the protective relief. It would be impossible to *155 specify all possible grounds which can be the basis of a protective order. This verbiage also permits a possible abuse by a prosecution minded trial judge, but the sub-committee felt that the Appellate Court would remedy any such abuse in the course of making appellate decisions.
(i) This is new and although it will entail additional expense to counties, it was determined that it was necessary in order to comply with the recent trend of federal decisions which hold that due process is violated when a person who has the money with which to resist criminal prosecution gains an advantage over the person who is not so endowed. Actually, there is serious doubt that the intent of this sub-section can be accomplished by a rule of procedure; a statute is needed. It is recognized that such a statute may be unpopular with the legislature and not enacted. But, if this sub-section has not given effect there is a likelihood that a constitutional infirmity (equal protection of the law) will be found and either the entire rule with all subsections will be held void, or confusion in application will result.
(j) This provision is necessary since the prosecutor is required to assume many responsibilities under the various subsections under the Rule. There are no prosecuting attorneys, either elected or regularly assigned, in justice of the peace courts. County judge's courts, as distinguished from county courts, do not have elected prosecutors. Prosecuting attorneys in such courts are employed by county commissions and may be handicapped in meeting the requirements of the Rule due to the irregularity and uncertainty of such employment. This subsection is inserted as a method of achieving as much uniformity as possible in all of the courts of Florida having jurisdictions to try criminal cases.

VII DISQUALIFICATION OF JUDGE

RULE 1.230 DISQUALIFICATION OF JUDGE
(a) The state or the defendant may move to disqualify the judge assigned to try the cause on the grounds: that the judge is prejudiced against the movant or in favor of the adverse party; that the defendant is related to the said judge by consanguinity or affinity within the third degree; that the judge is related to an attorney or counselor of record for the defendant or the state by consanguinity or affinity within the third degree; or that the judge is a material witness for or against one of the parties to said cause.
(b) Every motion to disqualify shall be in writing and be accompanied by two or more affidavits setting forth facts relied upon to show the grounds for disqualification, and a certificate of counsel of record that the motion is made in good faith.
(c) A motion to disqualify a judge shall be filed no less than 10 days before the time the case is called for trial unless good cause is shown for failure to so file within such time.
(d) The judge presiding shall examine the motion and supporting affidavits to disqualify him for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself and proceed no further therein. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified.
(e) When the prosecuting attorney or defendant shall have suggested the disqualification of a trial judge and an order shall have been made admitting the disqualification of such judge, and another judge shall have been assigned to act in *156 lieu of the judge so held to be disqualified the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interest, he shall cause such ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause. The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.
Committee Note: Substantially same as 911.01 except requirement that affidavits of "citizens" of county is omitted. The standing committee on Florida Court rules raised the question as to whether or not this rule is procedural or substantive and directed the sub-committee to call this fact to the attention of the Supreme Court.

VIII CHANGE OF VENUE

RULE 1.240 CHANGE OF VENUE
(a) The state or the defendant may move for a change of venue on the ground that a fair and impartial trial cannot be had in the county where the case is pending for any reason other than the interest and prejudice of the trial judge.
(b) Every motion for change of venue shall be in writing and be accompanied by:
(1) Affidavits of movant and two or more other persons setting forth facts upon which the motion is based; and
(2) A certificate by the movant's counsel that the motion is made in good faith.
(c) A motion for change of venue shall be filed no less than 10 days before the time the case is called for trial unless good cause is shown for failure to file within such time.
(d) The court shall consider the affidavits filed by all parties and receive evidence on every issue of fact necessary to its decision. If the court grants the motion it shall make an order removing the cause to the court having jurisdiction to try such offense in some other convenient county where a fair and impartial trial can be had.
(c) If the defendant is in custody, the order shall direct that he be forthwith delivered to the custody of the sheriff of the county to which the cause is removed.
(f) The clerk shall enter on the minutes the order of removal and shall transmit to the court to which the cause is removed a certified copy of the order of removal and of the record and proceedings and of the undertakings of the witnesses and the accused.
(g) When the cause is removed to another court the witnesses who have entered into undertakings to appear at the trial shall, on notice of such removal, attend the court to which the cause is removed at the time specified in the order of removal. A failure to so attend shall work a forfeiture of the undertaking.
(h) If there are several defendants and an order is made removing the cause on the application of one or more but not all of them, the other defendants shall be tried and all proceedings had against them in the county in which the cause is pending in all respects as if no order of removal had been made as to any defendant.
(i) (1) The court to which the cause is removed shall proceed to trial and judgment therein as if the cause had originated in such court. If it is necessary to have *157 any of the original pleadings or other papers before such court, the court from which the cause is removed shall at any time upon application of the prosecuting attorney or the defendant order such papers or pleadings to be transmitted by the clerk, a certified copy thereof being retained.
(2) The prosecuting attorney of the court to which the cause is removed may amend the information, or file a new information, and such new information shall be entitled in the county in which the trial is had, but the allegations as to the place of commission of the crime, shall refer to the county in which the crime was actually committed.
Committee Note: (a) through (d) substantially same as 911.02 through 911.05. Language is simplified and requirement pertaining to cases in criminal courts of record that removal be to adjoining county is omitted. Modern communications and distribution of television and press makes old requirements impractical. Designation of county left to discretion of the trial judge.
(c) through (i) same as corresponding statutes 911.06 through 911.10.

IX THE TRIAL

RULE 1.250 ACCUSED AS WITNESS
In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.
Committee Note: Same as 918.09.

RULE 1.260 WAIVER OF JURY TRIAL
A defendant may, in writing, waive a jury trial with the approval of the court and the consent of the state.
Committee Note: This is the same as Federal Rule 23(a). This changes existing law by providing for consent of state.

RULE 1.270 NUMBER OF JURORS
Twelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases.
Committee Note: Except for substituting the word "persons" for "men," the suggested rule is a transcription of FS 913.10. The standing committee on Florida Court rules raised the question as to whether or not this rule is procedural or substantive and directed the sub-committee to call this fact to the attention of the Supreme Court.

RULE 1.280 ALTERNATE JURORS
The court may direct that jurors, in addition to the regular panel, be called and impanelled to sit as alternate jurors. Alternate jurors, in the order in which they are impanelled shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors. An alternate juror, who does not replace a principal juror, shall be discharged at the time the jury retires to consider its verdict.
Committee Note: Save for certain rewording, the suggested rule is a transcription of FS 913.10(2), except that the provisions for the challenging of the alternate *158 jurors has been included more appropriately in the rule relating to challenges.

RULE 1.290 JURY PANEL; EXAMINATION; OATH AND EXCUSING OF MEMBER
(a) Oath.  The prospective jurors shall be sworn collectively or individually, as the court may decide, to answer truthfully, collectively or individually, as the court may decide, all questions put to them regarding their competence to serve as jurors. The form of oath shall be as follows:
"Do you solemnly swear (or affirm) that you will answer truthfully all questions asked of you about your competence to serve as jurors, so help you God."
If any prospective juror affirms, the clause "So help you God" shall be omitted.
(b) Examination.  The court shall then examine each prospective juror individually, except that, with the consent of both parties, it may examine the prospective jurors collectively. Counsel for both state and defendant shall be permitted to propound pertinent questions to the prospective juror after such examination by the court.
(c) Prospective Jurors Excused.  If, after the examination of any prospective juror, the court is of the opinion that such juror is incompetent, the court shall excuse such juror from the trial of the cause. If, however, the court does not excuse such juror, either party may then challenge such juror, as provided by law or by these rules.
Committee Note: (a) Save for the inclusion of the form of oath, the suggested rule is a transcription of a part of FS 913.02(1). The form of oath paraphrases in pertinent part the oath set out in FS 913.11.
(b) The suggested rule is a transcription of the remainder of FS 913.02(1).
(c) Substantially same as 913.02(2).

RULE 1.300 CHALLENGE TO PANEL
The state or defendant may challenge the panel.
A challenge to the panel may be made only on the ground that the prospective jurors were not selected or drawn according to law.
Challenges to the panel shall be made and decided before any individual juror is examined, unless otherwise ordered by the court.
A challenge to the panel shall be in writing and shall specify the facts constituting the ground of challenge.
Challenges to the panel shall be tried by the court.
Upon the trial of a challenge to the panel the witnesses may be examined on oath by the court and may be so examined by either party.
If the challenge to the panel is sustained, the court shall discharge the panel. If the challenge is not sustained, the individual jurors shall be called.
Committee Note: This is a transcription of FS 913.01.

RULE 1.310 TIME FOR CHALLENGE
The state or defendant may challenge an individual prospective juror, for cause or peremptorily, only before the juror is sworn to try the cause; except that the court may, for good cause, permit it to be made after the juror is sworn, but before any evidence is presented.
Committee Note: Same for the heading and for the inclusion of the phrase, "for cause or peremptorily," the suggested rule is a transcription of the provisions of FS 913.04.

RULE 1.320 MANNER OF CHALLENGE
A challenge to an individual juror for cause or peremptorily may be oral. When a juror is challenged for cause the ground of the challenge shall be stated.
*159 Committee Note: Save for the heading and the insertion of the word "the," the suggested rule is a transcription of the provisions of FS 913.05. The phrase "for cause or peremptorily" has been added.

RULE 1.330 DETERMINATION OF CHALLENGE FOR CAUSE
The court shall determine the validity of a challenge of an individual juror for cause. In making such determination the juror challenged and any other material witnesses, produced by the parties, may be examined on oath by the court and may be so examined by either party. The court may consider also any other evidence material to such challenge.
Committee Note: The suggested rule is essentially a transcription of 913.06 and 913.07 except for the first and last sentences.

RULE 1.340 EFFECT OF SUSTAINING CHALLENGE
If a challenge for cause of an individual juror be sustained, such juror shall be discharged from the trial of the cause. If a peremptory challenge to an individual juror be made, such juror shall be discharged likewise from the trial of the cause.
Committee Note: The first sentence of the suggested rule except for the inclusion of the words "for cause" is a transcription of FS 913.09. The last sentence has been added.

RULE 1.350 NUMBER OF PEREMPTORY CHALLENGES
The state and the defendant shall each be allowed the following number of peremptory challenges:
(a) The, if the offense charged is punishable by death or imprisonment for life;
(b) Six, if the offense charged is a felony not punishable by death or imprisonment for life;
(c) Three, if the offense charged is a misdemeanor.
(d) If two or more defendants are jointly tried, each defendant shall be allowed the number of peremptory challenges specified above, and in such case the state shall be allowed as many challenges as are allowed to all of the defendants.
(e) If one or two alternate jurors are called, each party is entitled to one peremptory challenge, in addition to those otherwise allowed by law, for each alternate juror so called. The additional peremptory challenge may be used only against the alternate juror and the other peremptory challenges allowed by law shall not be used against the alternate juror.
Committee Note: The suggested rule is a transcription of FS 913.08, excluding subdivision (5), which is lifted from FS 913.10 (2) and included since the several provisions relate to peremptory challenges. The question was raised regarding multiple counts or consolidation in their relation to the number of challenges. It was decided not to imply approval of multiple counts or consolidation. The standing committee on Florida Court rules raised the question as to whether or not this rule is procedural or substantive and directed the subcommittee to call this fact to the attention of the Supreme Court.

RULE 1.360 OATH OF TRIAL JURORS
The following oath shall be administered to the jurors: "Do you solemnly swear (or affirm) that you will well and truly try the issues between the State of Florida and the defendant whom you shall have in charge and render a true verdict according to the law and the evidence, so help you God." If any juror affirms, the clause "So help you God" shall be omitted.
Committee Note: The suggested rule is a transcription of FS 913.11.

*160 X CONDUCT OF TRIAL; THE JURY INSTRUCTIONS

RULE 1.370 TRIAL OF JOINTLY CHARGED DEFENDANTS
When two or more defendants are jointly charged with an offense, whether felony or misdemeanor, they shall be tried jointly unless the court in its discretion, on the motion of the prosecuting attorney or any defendant, orders separate trials. In ordering separate trials, the court may order that one or more defendants be each separately tried and the others jointly tried or may order that several defendants be jointly tried in one trial and the others jointly tried in another trial or trials, or may order that each defendant be tried separately.
Committee Note: This rule is the same as 918.02 FS.

RULE 1.380 REGULATION AND SEPARATION OF JURORS
(a) Regulation of Jury. 
(1) After the jury shall have been sworn they shall sit together and hear the proofs and allegations in the case, which shall be delivered in public and in the presence of the accused; and after hearing such proofs and allegations the jury shall be kept together in some convenient place until they agree upon a verdict or are discharged by the court, and the sheriff or a bailiff shall be sworn to take charge of the jury.
(2) After the cause has been finally submitted the jurors shall retire to the place provided for them and consider their verdict.
(b) Separation After Submission of Cause. 
Unless the jurors have been kept together during the trial the court may, in its discretion, after the final submission of the cause, order that the jurors may separate for a definite time to be fixed by the court and then reconvene in the courtroom before retiring for consideration of their verdict.
Committee Note: (a) Taken from 919.01.
(b) Taken from 919.02.

RULE 1.390 SELECTION OF FOREMAN OF JURY
The court shall instruct the jurors to select one of their number foreman.
Committee Note: This rule was inserted in order to clarify the system of selecting jury foreman.

RULE 1.400 DELIBERATION OF JURY; WHAT JURORS MAY HAVE WITH THEM
Upon retiring for deliberation the jurors may, if the court permits, take or later have sent to them:
(a) Forms of verdict approved by the court, after being first submitted to counsel;
(b) Any written instructions given; but if any such instruction is taken or sent all the instruction shall be taken or sent;
(c) All things received in evidence other than depositions. If the thing received in evidence is a public record or a private document which, in the opinion of the court, ought not to be taken from the person having it in custody, a copy shall be taken or sent instead of the original.
Committee Note: (1) and (2) same as 919.04 (1) & (2).
Section (3) was changed from the existing 919.04(3) by adding to the things which should not be taken with or sent to the jury, written or recorded statements or confessions. It was felt by the committee that the present practice of allowing such things to be taken with the jury is unfair and emphasizes such statements or confessions to *161 the jury. Since they are always read to the jury they should receive no additional emphasis than the testimony of any witness from the stand.

RULE 1.410 RETURN OF JURY FOR SUPPLEMENTAL INSTRUCTIONS
After the jurors have retired to consider their verdict, if they desire additional instruction upon any point of law arising in the cause or to have any testimony, about which they are in doubt or disagreement, read to them, they shall, upon their request, be conducted into the courtroom by the officer who has them in charge and the court shall give them such additional instruction or shall order such testimony read to them. Such instruction shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Committee Note: Same as 919.05.

RULE 1.420 RECALL OF JURY FOR ADDITIONAL INSTRUCTIONS
The court may recall the jurors after they have retired to consider their verdict to give them additional instructions, or to correct any erroneous instruction it has given them. Such additional or corrective instructions may be given only after notice to the prosecuting attorney and to counsel for the defendant.
Committee Note: Same as 919.06.

RULE 1.430 JURY NOT RECALLABLE TO HEAR ADDITIONAL EVIDENCE
After the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence.
Committee Note: Same as 919.07.

XI THE VERDICT

RULE 1.440 RENDITION OF VERDICT; RECEPTION AND RECORDING
When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. The court shall ask the foreman if an agreement has been reached on a verdict. If the foreman answers in the affirmative, the judge shall call upon him to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and unless disagreement is expressed by one or more of them or the jury be polled, the verdict shall be entered of record, and the jurors discharged from the cause. No verdict may be rendered unless all of the trial jurors concur in it.
Committee Note: Same as 919.09.

RULE 1.450 POLLING THE JURY
Upon the motion of either the state or the defendant or upon its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct that the jury be sent back for further consideration; if there be no dissent the verdict shall be entered of record and the jurors discharged. Provided, however, that no motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded.
Committee Note: Same as 919.10, except elimination of polling jury after directed verdict in view of innovation of "judgment of acquittal."

RULE 1.460 ACQUITTAL FOR CAUSE OF INSANITY
When a person tried for an offense shall be acquitted by the jury for the cause of *162 insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause. If the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the people, the court shall order him to be committed to jail or otherwise to be cared for as an insane person, or may give him into the care of his friends, on their giving satisfactory security for the proper care and protection of such person; otherwise he shall be discharged.
Committee Note: Same as 919.11.

RULE 1.470 PROCEEDINGS ON SEALED VERDICT
The court may, with the consent of the prosecuting attorney and the defendant, direct the jurors that if they should agree upon a verdict during a temporary adjournment of the court, the foreman and each juror shall sign the same, and such verdict shall be sealed in an envelope and delivered to the officer having charge of the jury, after which the jury may separate until the next convening of the court, at which time they shall reassemble in the jury box. The officer shall, at the earliest possible moment, deliver the sealed verdict to the clerk. When the jurors have reassembled in open court, the envelope shall be opened by the court or clerk and the same proceedings shall be had as in the receiving of other verdicts, with the exception that, the verdict having been signed by each juror, there shall be no polling of the jury.
Committee Note: Same as 919.12.

RULE 1.480 ADMONITION TO JURORS AS TO SEALED VERDICT
When the court authorizes the rendition of a sealed verdict it shall admonish the jurors not to make any disclosure concerning it, nor to speak with other persons concerning the cause, until their verdict shall have been rendered in open court.
Committee Note: Same as 919.13.

RULE 1.490 DETERMINATION OF DEGREE OF OFFENSE
If the indictment, information, or affidavit upon which defendant is to be tried, charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment, information or affidavit charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degree of the offense.
Committee Note: Same as 919.14.

RULE 1.500 VERDICT OF GUILTY WHERE MORE THAN ONE COUNT
If different offenses are charged in the indictment, information, or affidavit on which the defendant is tried, the jurors shall, if they convict the defendant, make it appear by their verdict on which counts (if the indictment, information, or affidavit is divided into counts) or of which offenses they find him guilty.
Committee Note: Same as 919.15.

RULE 1.510 CONVICTION OF ATTEMPT; LESSER INCLUDED OFFENSE
Upon an indictment, information or affidavit upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The Court shall charge the jury in this regard.
Committee Note: Same as 919.16. The standing committee on Florida Court rules raised the question as to whether or not this *163 rule is procedural or substantive and directed the sub-committee to call this fact to the attention of the Supreme Court.

RULE 1.520 VERDICT IN CASE OF JOINT DEFENDANTS
On the trial of two or more defendants jointly the jurors may render a verdict as to any defendant in regard to whom the jurors agree.
Committee Note: Same as 919.17.

RULE 1.530 RECONSIDERATION OF AMBIGUOUS OR DEFECTIVE VERDICT
If a verdict is so defective that the court cannot determine from it whether the jurors intended to acquit the defendant or to convict him of an offense for which judgment could be entered under the indictment, information, or affidavit upon which the defendant is tried, or cannot determine from it on what count or counts the jurors intended to acquit or convict the defendant, the court shall, with proper instructions, direct the jurors to reconsider the verdict, and the verdict shall not be received until it shall clearly appear therefrom whether the jurors intended to convict or acquit the defendant and on what count or counts they intended to acquit or convict him, unless they persist in rendering such defective verdict, in which case the verdict shall be received and entered of record as rendered.
Committee Note: Same as 919.18.

RULE 1.540 WHEN VERDICT MAY BE RENDERED
A verdict may be rendered and additional or corrective instructions given on any day, including Sunday or any legal holiday.
Committee Note: Same as 919.19.

RULE 1.550 DISPOSITION OF DEFENDANT
If a verdict of guilty is rendered the defendant shall, if in custody, be remanded; if he is at large on bail he may be taken into custody and committed to the proper official, or remain at liberty on the same or additional bail as the court may direct.
Committee Note: Same as 919.20.

RULE 1.560 DISCHARGE OF JURORS
After the jurors have retired to consider their verdict the court shall discharge them from the cause when:
(a) Their verdict has been received;
(b) Upon the expiration of such time as the court deems proper, the court finds there is no reasonable probability that the jurors can agree upon a verdict;
(c) A necessity exists for their discharge.
The court may in any event discharge the jurors from the cause if the prosecuting attorney and the defendant consent to such discharge.
Committee Note: Same as 919.21 except (4) omitted.

RULE 1.570 IRREGULARITY IN RENDITION, RECEPTION AND RECORDING OF VERDICT
No irregularity in the rendition or reception of a verdict may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by such irregularity.
Committee Note: Rule 57 is same as 919.22.
Section 919.23 was not included in the rules. This deals with the recommendation of mercy and it was felt that this was not procedural but substantive and not within the scope of the rule making power of the Supreme Court.

*164 XII POST-TRIAL MOTIONS

RULE 1.580 COURT MAY GRANT NEW TRIAL
When a verdict has been rendered against the defendant or the defendant has been found guilty by the court, the court on motion of the defendant, or on its own motion, may grant a new trial or arrest judgment.
Committee Note: Same as Section 920.01 except arrest of judgment is added.

RULE 1.590 TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING
(a) A motion for new trial or in arrest of judgment, or both, may be made within four days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court.
(b) When the defendant has been found guilty by a jury or by the court, such a motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the return of the verdict or the finding of the court. The court may immediately rule upon the motion.
(c) Such motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing thereon, the clerk may notify counsel for the respective parties, or the attorney for the defendant may serve notice of hearing on the prosecuting officer.
(d) Until such motion is disposed of, a defendant who is not already at liberty on bail shall remain in custody and not be allowed his liberty on bail unless the court upon good cause shown, (if the offense for which the defendant is convicted is bailable) permit the defendant to be released upon bail until the motion is disposed of. If the defendant is already at liberty on bail which is deemed by the court to be good and sufficient, it may permit him to continue at large upon such bail until the motion for new trial is heard and disposed of.
Committee Note: (a) The same as the first part of Section 920.02(3), except that the statutory word "further" is changed to "greater" in the Rule and provision for motion in arrest of judgment is added.
(b) Substantially the same as first part of Section 920.02(2). The Rule omits the requirement that the defendant be sentenced immediately upon the denial of his motion for new trial (the court might wish to place the defendant on probation or might desire to call for a pre-sentence investigation). The Rule also omits the statute's requirement that an order of denial be dictated to the court reporter, since the clerk is supposed to be taking minutes at this stage.
Note: The provisions of the last part of Section 920.02(2) as to supersedeas and appeal are not incorporated into this Rule; such provisions are not germane to motions for new trial or arrest of judgment.
(c) Substantially same as Section 920.03.
(d) Substantially same as last part of Section 920.02(3) except that the last sentence of the Rule is new.
Note: The provisions of Section 920.02 (4), relating to supersedeas on appeal and the steps which are necessary to obtain one, are not incorporated into a rule. The provisions of this subsection do not belong in a group of rules dealing with motions for new trial.

RULE 1.600 GROUNDS FOR NEW TRIAL
(a) The court shall grant a new trial if any of the following grounds is established:
(1) That the jurors decided the verdict by lot;
*165 (2) That the verdict is contrary to law or the weight of the evidence;
(3) That new and material evidence, that if introduced at the trial would probably have changed the verdict or finding of the court, and that the defendant could not with reasonable diligence have discovered and produced upon the trial, has been discovered.
(b) The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby:
(1) That the defendant was not present at any proceeding at which his presence is required by these rules;
(2) That the jury received any evidence out of court, other than that resulting from an authorized view of the premises;
(3) That the jurors, after retiring to deliberate upon the verdict, separated without leave of court;
(4) That any of the jurors was guilty of misconduct;
(5) That the prosecuting attorney was guilty of misconduct;
(6) That the court erred in the decision of any matter of law arising during the course of the trial;
(7) That the court erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant;
(8) That, for any other cause not due to the defendant's own fault, he did not receive a fair and impartial trial.
(c) When a motion for new trial calls for a decision on any question of fact, the court may consider evidence on such motion by affidavit or otherwise.
Committee Note: Same as Sections 920.04 and 920.05 except that the last paragraph of Section 920.05 is omitted from the Rule. The provision of said omitted paragraph that a new trial shall be granted to a defendant who has not received a fair and impartial trial through no fault of his own is inserted in the Rule as subsection b(8). The provision of said omitted paragraph of the statute which requires a new trial when the sentence exceeds the penalty provided by law is omitted from the Rule because no defendant is entitled to a new trial merely because an excessive sentence has been pronounced upon him. The standing committee on Florida Court rules raised the question as to whether or not this rule is procedural or substantive and directed the sub-committee to call this fact to the attention of the Supreme Court.
(c) Same as second paragraph of 920.07.

RULE 1.610 MOTION FOR ARREST OF JUDGMENT; GROUNDS
(a) The court shall grant a motion in arrest of judgment only on one or more of the following grounds:
(1) That the indictment, information or affidavit upon which the defendant was tried is so defective that it will not support a judgment of conviction;
(2) That the court is without jurisdiction of the cause;
(3) That the verdict is so uncertain that it does not appear therefrom that the jurors intended to convict the defendant of an offense of which he could be convicted under the indictment, information or affidavit under which he was tried;
(4) That the defendant was convicted of an offense for which he could not be convicted under the indictment, information or affidavit under which he was tried.
Committee Note: Note that (a) (1) of the Rule revamps Section 920.05(2) (a) through (d) in an effort to better take into account the fact that an accusatorial writ which would not withstand a motion to *166 quash (dismiss) might well support a judgment of conviction if no such motion is filed. (See Sinclair v. State, Fla., 46 So.2d 453.)
Note also that, where appropriate, the Rule mentions "affidavit" in addition to "indictment" and "information." The standing committee on Florida Court rules raised the question as to whether or not this rule is procedural or substantive and directed the sub-committee to call this fact to the attention of the Supreme Court.

RULE 1.620 WHEN EVIDENCE SUSTAINS ONLY CONVICTION OF LESSER OFFENSE
When the offense is divided into degrees or necessarily includes lesser offenses, and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of such lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.
Committee Note: Substantially the same as Section 920.06.

RULE 1.630 SENTENCE BEFORE OR AFTER MOTION FILED
The court in its discretion may sentence the defendant either before or after the filing of a motion for new trial or arrest of judgment.
Committee Note: Same as first paragraph of Section 920.07. Provision for arrest of judgment is added.

RULE 1.640 EFFECT OF GRANTING NEW TRIAL
(a) New Trial for Greater Offense Prohibited. 
When a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had except that when an offense is divided into degrees or the charge includes a lesser offense, and the defendant has been found guilty of a lesser degree or lesser included offense, he cannot thereafter be prosecuted for a higher degree of the same offense or for a higher offense than that of which he was convicted.
(b) Witnesses and Former Testimony at New Trial. 
The testimony given during the former trial may not be read in evidence at the new trial unless it is that of a witness who at the time of the new trial is absent from the state, mentally incompetent to be a witness, physically unable to appear and testify, or dead, in which event the evidence of such witness on the former trial may be read in evidence at the new trial as the same was taken and transcribed by the court reporter. Before the introduction of the evidence of an absent witness, the party introducing the same must show due diligence on his part in attempting to procure the attendance of witnesses at the trial, and must show that the witness is not absent by consent or connivance of such party.
Note: Based on Section 920.09. The second paragraph of the existing statute allows the testimony of an absent witness, given at a former trial, to be used only when he is absent from the state or dead. This has been enlarged to include absent witnesses who are physically incapacitated to attend court or one who has become mentally incapacitated to be a witness since the former trial.

*167 XIII JUDGMENT

RULE 1.650 JUDGMENT DEFINED
The term "judgment" means the adjudication by the court that the defendant is guilty or not guilty.
Committee Note: Substantially the same as Section 921.01.

RULE 1.660 MOTION FOR JUDGMENT OF ACQUITTAL
(a) If, at the close of the evidence for the state or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion of the prosecuting attorney or the defendant, shall, enter a judgment of acquittal.
(b) A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all the evidence. Such motion must fully set forth the grounds upon which it is based.
Committee Note: Substantially same as 918.08 except as follows:
(a) The existing statutory practice of granting directed verdicts is abolished in favor of the Federal practice of having the judge enter a judgment of acquittal.
(b) The wording was changed to comply with the judgment of acquittal theory. A majority of the committee felt that the substance of the existing statute was all right, but a minority felt that the language should be changed so that a defendant would waive an erroneous denial of his motion for judgment of acquittal by introducing evidence. This point was raised in Wiggins v. State, Fla.App., 101 So.2d 833, wherein the court said that this statute is "ineptly worded."

RULE 1.670 RENDITION OF JUDGMENT
If the defendant is found guilty, a judgment of guilty, and, if he has been acquitted, a judgment of not guilty, shall be rendered in open court and in writing, signed by the judge and filed; and, if in a court of record, recorded, otherwise, entered on the court's docket. However, the judge may withhold such adjudication of guilt if he places the defendant on probation.
When a judge renders a final judgment of conviction, imposes a sentence, grants probation or revokes probation, he shall forthwith inform the defendant concerning his rights of appeal therefrom, including the time allowed by law for taking an appeal.
Committee Note: To the same effect as Section 921.02, except the portion reading "in writing, signed by the Judge" which was added. Last sentence was added to permit judge to operate under 948.01(3).
The Florida law forming the basis of this proposal is found in sections 4 and 5, Article V, Constitution of Florida, concerning the right of appeal from a judgment of conviction; sec. 924.06 Florida Statutes, specifying when a defendant may take an appeal; sec. 924.09 Florida Statutes and Florida Criminal Appellate Rule 6.2 concerning the time for taking appeals by a defendant in criminal cases, and sec. 948.011 Florida Statutes providing for a sentence of a fine and probation as to imprisonment.
The purpose of the proposed rule is to provide assurance that a defendant, represented or unrepresented by counsel, will have authoritative and timely notice of his right to appeal.

*168 RULE 1.680 JUDGMENT OF INFORMAL VERDICT
If a verdict is rendered from which it can be clearly understood that it is the intention of the jurors to acquit the defendant, a judgment of not guilty shall be rendered thereon even though the verdict is defective. No judgment of guilty shall be rendered on a verdict unless the jurors clearly express in it a finding of guilt of the defendant.
Committee Note: Same as sec. 921.03.

RULE 1.690 JUDGMENT OF NOT GUILTY; DEFENDANT DISCHARGED AND SURETIES EXONERATED
When a judgment of not guilty is entered, the defendant, if in custody, shall be immediately discharged therefrom unless he is in custody on some other charge; if he is at large on bail, his sureties shall be exonerated and if money or bonds have been deposited as bail, such money or bonds shall be refunded.
Committee Note: Same as sec. 921.04.

XIV SENTENCE

RULE 1.700 SENTENCE DEFINED; PRONOUNCEMENT AND ENTRY
(a) The term sentence means the pronouncement by the court of the penalty imposed upon a defendant for the offense of which he has been adjudged guilty.
(b) Every sentence shall be pronounced in open court, shall be entered in the minutes in courts in which minutes are kept, and shall be docketed in courts which do not maintain minutes.
Committee Note: This Rule is a revamped version of Section 921.05.

RULE 1.710 HOW DEFENDANT BROUGHT BEFORE COURT WHEN NOT IN CUSTODY
Whenever the court deems it necessary to do so in order to procure the presence of the defendant before it for the adjudication of guilt or the pronouncement of sentence, or both, when he is not in custody, it shall direct the clerk to issue immediately, or when directed by the prosecuting attorney, a capias for the arrest of such defendant. Subsequent capiases may be issued from time to time by direction of the court or the prosecuting attorney.
Committee Note: A revamped version of sec. 921.06, adding provision that defendant be required to be present at the adjudication of guilt.

RULE 1.720 DEFENDANT'S RIGHT TO SHOW CAUSE WHY SENTENCE SHOULD NOT BE PRONOUNCED
When sentence is to be pronounced, the court shall inform the defendant of the accusation against him and of the judgment and shall ask him whether he has any cause to show why sentence should not be pronounced.
Committee Note: Same as sec. 921.07.

RULE 1.730 CAUSES FOR NOT PRONOUNCING SENTENCE
The person before the court to be sentenced may allege and show as cause why sentence should not be pronounced, only:
(a) That he has become insane since pleading guilty or nolo contendere or since being found guilty by the court or by the verdict of a jury;
(b) That he has been pardoned of the offense for which he is about to be sentenced;
*169 (c) That he is not the same person against whom the verdict or finding of the court or judgment was rendered;
(d) If the defendant is a woman, and the sentence of death is to be pronounced, that she is pregnant.
Committee Note: A revamped version of sec. 921.08.

RULE 1.740 PROCEDURE WHEN INSANITY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE
(a) When the cause alleged for not pronouncing sentence is insanity, if the court has reasonable ground to believe that the defendant is insane, it shall postpone the pronouncement of sentence and shall immediately fix a time for a hearing to determine the defendant's mental condition. The court may appoint not exceeding three disinterested qualified experts to examine the defendant and testify at the hearing as to his mental condition. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.
(b) If the court, after the hearing, decides that the defendant is sane, it shall proceed to pronounce sentence or place the defendant on probation. If, however, it decides that the defendant is insane, it shall take proper steps to have him committed to the appropriate institution. If, after a defendant has been committed to an institution as insane, the proper officer of such institution is of the opinion that the defendant is sane and so reports to the court, the court shall fix a time for a hearing to determine whether the defendant is sane. This hearing shall be conducted in the same manner as the original hearing to determine the defendant's insanity. If found sane, the court shall proceed to pronounce sentence; if found insane, the defendant shall again be committed as hereinabove set forth. No defendant committed by a court to an institution, by reason of any examination referred to in this paragraph, shall be released therefrom without the consent of the court committing him.
Committee Note: This Rule is a composite of sections 921.09 and 917.01, except for requirement that proper officer of institution "shall" report, etc., the committee having felt that court rule could not govern conduct of institution officers. This should be done by statute.

RULE 1.750 PROCEDURE WHEN PARDON IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE
When the cause alleged for not pronouncing sentence is that the defendant has been pardoned for the offense for which he is about to be sentenced, the court, if necessary, shall postpone the pronouncement of sentence for the purpose of hearing evidence on such allegation. If the court decides that such allegation is true, it shall discharge such person from custody unless he is in custody on some other charge. If, however, it decides that such allegation is not true, it shall proceed to pronounce sentence.
Committee Note: A revamped version of sec. 921.10.

RULE 1.760 PROCEDURE WHEN NON-IDENTITY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE
When the cause alleged for not pronouncing sentence is that the person brought before the court to be sentenced is not the same person against whom the verdict, finding of the court or judgment was rendered, the court, if necessary, shall postpone the pronouncement of sentence for the purpose of hearing evidence on such allegation. If the court decides that such allegation is true, it shall discharge such person from custody unless he is in custody on some other charge. If, however, *170 it decides that such allegation is not true, it shall proceed to pronounce sentence.
Committee Note: A revamped version of sec. 921.11.

RULE 1.770 PROCEDURE WHEN PREGNANCY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE
When pregnancy of a female defendant is alleged as the cause for not pronouncing the death sentence, the court shall postpone the pronouncement of sentence until after it has decided the truth of such allegation. If necessary in order to arrive at such a decision, it shall immediately fix a time for a hearing to determine whether or not such defendant is pregnant and shall appoint not exceeding three competent disinterested physicians to examine the defendant as to her alleged pregnancy and to testify at the hearing as to whether or not she is pregnant. Other evidence regarding whether or not such defendant is pregnant may be introduced at the hearing by either party. If the court decides that the defendant is not pregnant, it shall proceed to pronounce sentence. If it decides that she is pregnant, it shall commit her to prison until it appears that she is not pregnant and shall then pronounce sentence upon her.
Committee Note: A revamped version of Section 921.12.
NOTE that the Rule omits the statutory provisions for the payment of fees to the examining physicians. The Supreme Court probably does not have the power to make rules governing such matters.

RULE 1.780 INQUIRY INTO MITIGATING OR AGGRAVATING CIRCUMSTANCES PRIOR TO SENTENCE
When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon the suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the same summarily in open court, either immediately or at a specified time and upon such notice to the adverse party as the court may direct; or the court may inquire into such circumstances on its own motion.
Committee Note: Same as section 921.13.

RULE 1.790 PROBATION HEARING; PRESENTENCE INVESTIGATION; SUSPENSION OF SENTENCE; ORDER OF PROBATION
(a) Probation Hearing; Presentence Investigation.  In cases in which probation is authorized by law, either with or without an adjudication of guilt, the trial court, after guilt has been established by verdict of a jury, a plea of guilty, a plea of nolo contendere, or a finding by the court trying the case without a jury may hear and determine the question of probation of the defendant. Prior to such hearing the court may refer the case to the state probation and parole commission or county probation officer for investigation and recommendation as an aid to facilitating the proper disposition of the case.
(b) Suspension of the Pronouncement and Imposition of Sentence; Probation.  Pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation regardless of whether such defendant has or has not been adjudicated guilty. An order of the court placing a person on probation shall place the probationer under the authority of the state probation and parole commission to be supervised as provided by law.
(c) Revocation of Probation; Judgment; Sentence.  When a probationer is brought before a court charged with a violation of probation, the court shall advise him of such *171 charge and if the charge is admitted to be true may forthwith enter an order revoking, modifying or continuing the probation. If such violation of probation is not admitted by the probationer, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of violation of probation. If the charge is not admitted by the probationer and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer an opportunity to be fully heard in person, by counsel, or both. After such hearing, the court may enter an order revoking, modifying or continuing the probation. Following a revocation of probation, the trial court shall adjudicate the defendant guilty of the crime forming the basis of his probation, if no such adjudication has been made previously. Pronouncement and imposition of sentence than shall be made upon such defendant.
Committee Note: (a) & (b) contain the procedural aspects of 948.01(1), (2), (3) FS. It should be noted that in (b) provision is made for no pronouncements in addition to no imposition of sentence prior to the granting of probation. The terminology in 948.01(3) FS is that the trial court shall "withhold the imposition of sentence." The selected terminology is deemed preferable to the present statutory language since the latter is apparently subject to misconstruction whereby a sentence may be pronounced and merely the execution of the sentence is suspended.
The Third District Court of Appeal has indicated that the proper procedure to be followed is that probation be granted prior to sentencing. A sentence, therefore, is not a prerequisite of probation. (See Yates v. Buchanan, 170 So.2d 72 (1964); also see Bateh v. State, 101 So.2d 869 (1958), decided by the First District Court of Appeal to the same effect.)
While a trial court initially can set a probationary period at less than the maximum allowed by law, he may extend this period to the maximum if he acts prior to the expiration of the initially-set probationary period. (Pickman v. State, 155 So.2d 646 (1st D.C.A. 1963). This means, therefore, that any specific time set by the court as to the probationary period is not binding on the court if he acts timely in modifying it. It is clear, in view of the foregoing, that if a trial judge pronounces a definite sentence and then purports to suspend its execution and place the defendant on probation for the period of time specified in the sentence matters may become unduly complicated.
If such procedure is considered to be nothing more than an informal manner of suspending the imposition of sentence and thus adhering to present statutory requirements, it should be noted that the time specified in the "sentence" is not binding on the court with reference to subsequent modification, if timely action follows. On the other hand if the action of the trial court is considered strictly it would be held to be void as not in conformity with statutory requirements.
A probationary period is not a sentence and any procedure that tends to mix them is undesirable, even though this mixture is accomplished by nothing more than the terminology used by the trial court in its desire to place a person on probation. (See 948.04 & 948.06(1) in which clear distinctions are drawn between the period of a sentence and the period of probation.)
(c) Contains the procedural aspects of 948.06(1) FS.

RULE 1.800 CORRECTION AND REDUCTION OF SENTENCES
(a) A court may at any time correct an illegal sentence imposed by it.
(b) A court may reduce a legal sentence imposed by it at the same term of court at which it has been imposed, or if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition, or within sixty *172 days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
Committee Note: Same as sections 921.24 and 921.25. Similar to Federal Rule 35.

XV EXECUTION OF SENTENCE

RULE 1.810 COMMITMENT OF DEFENDANT; DUTY OF SHERIFF
Upon pronouncement of a sentence imposing a penalty other than a fine only or death, the court shall unless the execution of the sentence is suspended or stayed, and, in such case, upon termination of the suspension or stay, forthwith commit the defendant to the custody of the sheriff under a commitment to which shall be attached a certified copy of the sentence and, unless both are contained in the same instrument if the sentence be to imprisonment in the state prison, a certified copy of the judgment of conviction and a certified copy of the indictment or information, and the sheriff shall thereupon, within a reasonable time if he is not the proper official to execute the sentence, transfer the defendant, together with the commitment and attached certified copies, to the custody of the official whose duty it is to execute the sentence, and shall take from such person a receipt for the defendant and make a return thereof to the court.
Committee Note: Substantially the same as section 922.01. There has been added to the Rule the requirement that, if the commitment be to the state prison, it shall be accompanied by a certified copy of the judgment of conviction and a certified copy of the indictment or information. (Section 944.18 requires a certified copy of the indictment or information to be transmitted to the Division of Corrections; the Division of Corrections should also have a certified copy of the judgment.)

RULE 1.820 HABEAS CORPUS; CUSTODY PENDING APPEAL
(a) When a defendant has been sentenced, and is actually serving his sentence, and has not appealed from the judgment or sentence, but seeks his release from imprisonment by habeas corpus proceedings, and the writ has been refused, or the writ has been discharged after it has been issued, the custody of the prisoner shall not be disturbed, pending a review of the appellate court.
(b) Pending a review of a decision discharging a prisoner on habeas corpus, he shall be discharged upon bail, with sureties to be approved as other bail bonds are approved, for his appearance to answer and abide by the judgment of the appellate court.
Committee Note: Same as section 922.03.

*173 XVI CRIMINAL CONTEMPT

RULE 1.830 DIRECT CRIMINAL CONTEMPT
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
Committee Note: This proposal is consistent with present Florida practice in authorizing summary proceedings in direct criminal contempt cases (See Ballengee v. State, 144 So.2d 68 (Fla.App. 1962); Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185; also see State ex rel. Grebstein v. Lehman, 100 Fla. 481, 129 So. 818, holding that the defendant is not entitled to notice of the accusation nor to a motion for attachment.) Fairness dictates that the defendant be allowed to present excusing or mitigating evidence even in direct criminal contempt cases.
Much of the terminology of the proposal is patterned after Federal Criminal Procedure Rule 42(a) with variations for purposes of clarity. What may be considered a significant change from the terminology of the Federal Rule is that the proposal provides for a "judgment" of contempt, whereas the term "order" of contempt is used in the Federal Rule. Both terms have been used in Florida appellate cases. The term "judgment" is preferred here since it is consistent with the procedure of adjudicating guilt and is more easily reconciled with a "conviction" of contempt, common terminology on the trial and appellate levels in Florida. It also is consistent with appeals in contempt cases (e.g., see State ex rel. Shotkin v. Buchanan, 149 So.2d 574, 98 A.L.R.2d 683, Fla.App. 1963, for the use of the term "judgment").

RULE 1.840 INDIRECT CRIMINAL CONTEMPT
(a) Indirect (Constructive) Criminal Contempt.  A criminal contempt, except as provided in the preceding subsection concerning direct contempts, shall be prosecuted in the following manner:
(1) Order to Show Cause.  The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2) Motions; Answer.  The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
(3) Order of Arrest; Bail.  The judge may issue an order of arrest of the defendant if the judge has reason to believe the defendant will not appear in response to the order to show cause. The defendant shall be admitted to bail in the manner provided by law in criminal cases.
*174 (4) Arraignment; Hearing.  The defendant may be arraigned at the time of the hearing or prior thereto upon his request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct the hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense.
All issues of law shall be heard and determined by the judge; all issues of fact shall be heard and determined by a jury of six persons selected as in criminal cases, unless waived by the defendant.
(5) Disqualification of Judge.  If the contempt charged involves disrespect to or criticism of a judge he shall disqualify himself from presiding at the hearing. Another judge shall be designated by the Chief Justice of the Supreme Court.
(6) Verdict; Judgment.  At the conclusion of the hearing the jury shall consider and render its verdict of guilty or not guilty. The judge shall sign and enter of record a judgment in accordance with the verdict. Upon a verdict of guilty there shall be included in the judgment a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(7) The Sentence; Indirect Contempt.  Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.
Committee Note: (a) (1) Order to Show Cause.  The courts have used various and, at times, misleading terminology with reference to this phase of the procedure, viz., "citation," "rule nisi," "rule," "rule to show cause," "information," "indicted," and "order to show cause." Although all apparently have been used with the same connotation the terminology chosen probably is more readily understandable than the others. This term is used in Federal Rule 42(b) dealing with indirect criminal contempts.
In proceedings for indirect contempt, due process of law requires that the accused be given notice of the charge and a reasonable opportunity to meet it by way of defense or explanation. State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509; State ex rel. Geary v. Kelly, 137 So.2d 262, 263 (Fla.App. 1962).
The petition (affidavit is used here) must be filed by someone having actual knowledge of the facts and must be under oath. Phillips v. State, 147 So.2d 163 (Fla.App. 1962); see also Croft v. Culbreath, 150 Fla. 60, 6 So.2d 638; Ex parte Biggers, 85 Fla. 322, 95 So. 763.
(2) Motions; Answer.  The appellate courts of Florida, while apparently refraining from making motions and answers indispensable parts of the procedure, seem to regard them with favor in appropriate situations. (Re motion to quash and motion for bill of particulars  see Geary v. State, 139 So.2d 891 (Fla.App. 1962); re the answer  see State ex rel. Huie v. Lewis, 80 So.2d 685 (Fla. 1955).)
Elsewhere in these rules is a recommended proposal that a motion to dismiss replace the present motion to quash; hence, the motion to dismiss is recommended here.
The proposal contains no requirement that the motions or answer be under oath. Until sec. 38.22 FS was amended in 1945 there prevailed in Florida the common law rule that denial under oath is conclusive and requires discharge of the defendant in indirect contempt cases; the discharge was considered as justified because the defendant could be convicted of perjury if he had sworn falsely in the answer or in a motion *175 whereby he denied the charge. The amendment of sec. 38.22 FS, however, has been construed to no longer justify the discharge of the defendant merely because he denies the charge under oath. (See Ex parte Earman, 85 Fla. 297, 95 So. 755, 31 A.L.R. 1226 (1923) re the common law; see Dodd v. State, 110 So.2d 22 (Fla. 1959) re the construction of sec. 38.22 as amended.) There appears, therefore, no necessity of requiring that a pleading directed to the order to show cause be under oath, except as a matter of policy of holding potential perjury prosecutions over the heads of defendants. It is recommended, therefore, that no oath be required at this stage of the proceeding.
Due process of law in the prosecution for indirect contempt requires that the defendant have the right to assistance by counsel. (Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185, adhered to in 107 Fla. 858, 143 So. 436.)
(3) Order of Arrest; Bail.  Arrest and bail, although apparently used only rarely, where permissible at common law and, accordingly, are unobjectionable under present Florida law. At times each should serve a useful purpose in contempt proceedings and should be included in the rule. (As to the common law see Ex parte Biggers, 85 Fla. 322, 95 So. 763 (1923).)
(4) Arraignment; Hearing.  Provision is made for a pre-hearing arraignment in case the defendant wishes to plead guilty to the charge prior to the date set for the hearing. The defendant has a constitutional right to a hearing under the due process clauses of the state and federal constitutions. (State ex rel. Pipia v. Buchanan, 168 So.2d 783 (Fla.App. 1964).) This right includes the right to assistance of counsel and the right to call witnesses. (Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185.) The defendant cannot be compelled to testify against himself. (Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956).)
Sec. 38.22 FS, as amended in 1945, provides that all issues of law or fact shall be heard and determined by the judge. Apparently under this statute the defendant is not only precluded from considering a jury trial as his right but also the judge has no discretion within which he may allow the defendant a jury trial. (See State ex rel. Huie v. Lewis, 80 So.2d 685 (Fla. 1955), and Dodd v. State, 110 So.2d 22 (Fla. 1959) in which the court seems to assume this; such assumption seemingly being warranted by the terminology of the statute.)
There is no reason to believe that the statute is unconstitutional as being in violation of sec. 11 of the Declaration of Rights of the Florida Constitution which provides, in part, that the accused in all criminal prosecutions shall have the right to a public trial by an impartial jury. Criminal contempt is not a crime; consequently, no criminal prosecution is involved. (Ballengee v. State, 144 So.2d 68 (Fla.App. 1962; State ex rel. Saunders v. Boyer, 166 So.2d 694 (Fla.App. 1964); Neering v. State, 155 So.2d 874 (Fla. 1963).)
Sec. 3 of the Declaration of Rights, providing that the right of trial by jury shall be secured to all and remain inviolate forever, also apparently is not violated. This provision has been construed many times as guaranteeing a jury trial in proceedings at common law, as practiced at the time of the adoption of the constitution (e.g., Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 So. 350), i.e., it is applicable only to cases in which the right existed before the adoption of the constitution (e.g., State ex rel. Sellers v. Parker, 87 Fla. 181, 100 So. 260). The section was never intended to extend the right of trial by jury beyond this point. (Boyd v. Dade County, 123 So.2d 323 (Fla. 1960).)
There is some authority that trial by jury in indirect criminal contempt existed in the early common law but this practice was eliminated by the Star Chamber with the result that for centuries the common *176 law courts have punished indirect contempts without a jury trial. (See Mississippi Law Journal, vol. 36, p. 106.) The practice in Florida to date apparently has been consistent with this position. No case has been found in this State in which a person was tried by a jury for criminal contempt. (See Justice Terrell's comment adverse to such jury trials in State ex rel. Huie v. Lewis, 80 So.2d 685 (Fla. 1955).)
The United States Supreme Court has assumed the same position with reference to the dictates of the common law. This Court stated in 1964, "If it has ever been understood that proceedings according to the common law for contempt of court have been subject to the right of trial by jury, we have been unable to find any instance of it" and in answer to the contention that contempt proceedings without a jury were limited to trivial offenses, this Court states, "[W]e find no basis for a determination that, at the time the Constitution was adopted, contempt was generally regarded as not extending to cases of serious misconduct." (United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23.) There is little doubt, therefore, that a defendant in a criminal contempt case in Florida has no constitutional right to a trial by jury.
Proponents for such trials seemingly must depend upon authorization by the legislature or Supreme Court of Florida in order to attain their objective. By enacting sec. 38.22 FS which impliedly prohibits trial by jury the legislature exhibited a legislative intent to remain consistent with the common law rule. A possible alternative is for the Supreme Court of Florida to promulgate a rule providing for such trials and assume the position that under its constitutional right to govern practice and procedure in the courts of Florida such rule would supersede sec. 38.22 FS. It is believed that the Supreme Court has such authority. Accordingly, alternate proposals are offered for the Court's consideration; the first provides for a jury trial unless waived by the defendant; the alternate is consistent with present practice.
(5) Disqualification of Judge.  Provision for the disqualification of the judge is made in Federal Rule 42(b). The proposal is patterned after this rule.
Favorable comments concerning disqualification of judges in appropriate cases may be found in opinions of the Supreme Court of Florida. See Pennekamp v. State, 156 Fla. 227, 22 So.2d 875, 881 (1945), and concurring opinion in State ex rel. Huie v. Lewis, 80 So.2d 685 (Fla. 1955).
(6) Verdict; Judgment.  Finding; Judgment.  "Judgment" is deemed preferable to the term "order," since the proper procedure involves an adjudication of guilty. The use of "judgment" is consistent with present Florida practice. (e.g., State ex rel. Byrd v. Anderson, 168 So.2d 554 (Fla. App. 1964); Dinnen v. State, 168 So.2d 703 (Fla.App. 1964).)
The recital in the judgment of facts constituting the contempt serves to preserve for post-conviction purposes a composite record of the offense by the person best qualified to make such recital  the judge. (See Ryals v. United States, 5 Cir., 69 F.2d 946, in which such procedure is referred to as "good practice.")
(7) The Sentence; Indirect Contempt.  The substance of this section is found in present Florida statutes sec's. 921.05(2), 921.07 and 921.13. While these sections are concerned with sentences in criminal cases, the First District Court of Appeal in 1964 held that unless a defendant convicted of criminal contempt is paid the same deference he is not being accorded due process of law as provided in section 12 of the Declaration of Rights of the Florida Constitution and the Fourteenth Amendment of the Constitution of the United States. (Neering v. State, 164 So.2d 29 (Fla. App.).)
Statement concerning the effect the adoption of this proposed rule will have on contempt statutes.
This rule is not concerned with the source of the power of courts to punish for *177 contempt. It is concerned with desirable procedure to be employed in the implementation of such power. Consequently, its adoption will in no way affect the Florida statutes purporting to be legislative grants of authority to the courts to punish for contempt, viz., sec's. 38.22 (dealing with "all" courts), 932.03 (dealing with courts having original jurisdiction in criminal cases), and 39.13 (dealing with juvenile courts). This is true regardless of whether the source of power is considered to lie exclusively with the courts as an inherent power or is subject, at least in part, to legislative grant.
The adoption of the rule also will leave unaffected the numerous Florida statutes concerned with various situations considered by the legislature to be punishable as contempt (e g., sec. 38.23 FS), since these statutes deal with substantive rather than procedural law.
Sec. 38.22 FS, as discussed in the preceding notes, is concerned with procedure in that it requires the court to hear and determine all questions of law or fact. Insofar, therefore, as criminal contempts are concerned the adoption of the alternate proposal providing for a jury trial will mean that the rule supersedes this aspect of the statute and the statute should be amended accordingly.

XVII POST-CONVICTION RELIEF

RULE 1.850 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; HEARING; APPEAL
A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
A motion for such relief may be made at any time.
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral atack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it *178 appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
Note: Formerly Criminal Procedure Rule No. 1.

RULE 1.860 CRIMINAL PRACTICE BY SENIOR LAW STUDENTS
Any senior law student in an accredited law school in Florida that operates and maintains a faculty-supervised legal aid program may, with the written approval of the Supreme Court of Florida, appear in any municipal or trial court on behalf of any insolvent person accused of crime; provided, however, that the conduct of the case is under the immediate and personal supervision of a public defender, assistant public defender or special assistant public defender appointed or elected in accordance with law.
Before any student shall be eligible to appear in court for or on behalf of any insolvent person accused of crime, the dean of the accredited law school of which he is a student shall file with the public defender in the judicial circuit in which the school is located a list of names of the enrolled senior students who have been selected by the faculty to participate in its legal aid program. From such list the public defender may select and certify to the Supreme Court of Florida the names of such students as he desires to aid and assist him in the defense of insolvent persons accused of crime. Upon written approval by the Supreme Court of Florida of students so certified, and the filing of such written approval or a certified copy thereof with the clerk of the circuit court of the county wherein the law school is located, such approved students shall be, and they are hereby, authorized to appear in any court when under the immediate supervision of the public defender or one of his assistants on behalf of such insolvent persons accused of crime as shall be assigned to them; but shall not render professional counsel or advice, either in or out of the courtroom, except in the presence of such public defender or one of his assistants.
The written approval of such students by the Supreme Court of Florida shall be and remain in force and effect for a period of twelve months from the date of filing unless withdrawn earlier.
Note: Formerly Criminal Procedure Rule No. 2.